[Cite as *Burfitt v. Greene*, 2020-Ohio-843.]

| | |
|---|---|
| LAWRENCE R. BURFITT | Case No. 2019-00766PQ |
| Requester | Judge Patrick M. McGrath |
| v. | <u>DECISION AND ENTRY</u> |
| LARRY GREENE, WARDEN'S ADMINISTRATIVE ASSISTANT | |
| Respondent | |

{¶1} Because an error of law or other defect is evident on the face of the report and recommendation (R&R) issued by a special master on January 29, 2020, the court rejects in part and adopts in part the R&R.

## I. Background

{¶2} On July 1, 2029, pursuant to R.C. 2743.75(D), requester Lawrence R. Burfitt, an inmate, sued respondent Larry Greene, Warden's Administrative Assistant. In the complaint Burfitt alleged a denial of access to public records because, according to Burfitt, respondent denied Burfitt's request of January 25, 2019 for copies of the records-retention schedule of the Ohio Department of Rehabilitation and Correction (ODRC) and the J-1 Post Orders of the Southern Ohio Correctional Facility. The court appointed a special master in the cause. The court, through the special master, referred the case to mediation. After mediation failed to successfully resolve all disputed issues between the parties, on respondent's motion, the court stayed the case pending a decision in *State ex rel. McDougald v. Larry Greene,* Ohio Supreme Court No. 2019-0277.

{¶3} On September 25, 2019, the Ohio Supreme Court dismissed the *McDougald* case without issuing an opinion on the merits. *09/25/2019 Case Announcements #2*, 2019-Ohio-3798—*State ex rel. McDougald v. Greene* No. 2019-Ohio-0277 (Kennedy, J., dissenting with an opinion joined by Stewart, J.). Two days later, on respondent's motion, the court vacated its stay of this case. Respondent moved to dismiss

requester's complaint, contending that the complaint was moot because respondent had complied with requester's public-records request.

{¶4} On January 29, 2020, the special master issued a R&R wherein he recommended (1) dismissing Burfitt's claims for production of the ODRC records-retention schedule and for a less-redacted copy of the J-1 Post Orders, (2) finding that respondent violated an obligation under R.C. 149.43(B)(1) to provide the J-1 Post Orders within a reasonable period of time, (3) issuing an order that entitles Burfitt to recover the amount of the filing fee of twenty-five dollars and any other costs associated with the action that he incurred, and (4) assessing costs against respondent.  (R&R, 9.)

{¶5} Neither Burfitt nor respondent has filed a timely objection to the special master's R&R.

## II. Law and Analysis

{¶6} R.C. 2743.75(F)(2) sets forth the standard for reviewing a R&R issued under R.C. 2743.75.  Pursuant to R.C. 2743.75(F)(2), if neither party timely objects, this court "shall promptly issue a final order adopting the report and recommendation, unless it determines that there is an error of law or other defect evident on the face of the report and recommendation."  *See Dorrian v. Scioto Conservancy Dist.*, 27 Ohio St.2d 102, 271 N.E.2d 834 (1971), paragraph one of the syllabus (in statutory construction, the word "'shall' shall be construed as mandatory unless there appears a clear and unequivocal legislative intent that they receive a construction other than their ordinary usage").

**Because an error of law or other defect is evident on the face of the report and recommendation, the court rejects in part and adopts in part the report and recommendation.**

{¶7} In the R&R the special master acknowledged that in *McDougald* the Ohio Supreme Court dismissed McDougald's complaint without issuing an opinion with its merit decision.  (R&R, 6.)  The special master nonetheless found that "both stare decisis

and defensive claim preclusion apply, and that the merit decision in *McDougald* must be followed by this court." (R&R, 7.) Because in *McDougald* the Ohio Supreme Court did not issue an opinion with its merit decision—only a dissenting opinion by one justice (Kennedy, J.) that another justice joined (Stewart, J.)—there is no binding precedent for the court to follow and the issues raised in the *McDougald* case have not been settled by an authoritative opinion of Ohio's court of last resort. Because the special master recommends that "the merit decision in *McDougald* must be followed," an error of law or other defect is evident on the face of the R&R.[1] The court concludes that the special master's R&R should be rejected in part.

{¶8} Nonetheless, based on the court's independent review, the special master correctly concluded that respondent's delayed production to Burfitt of a redacted version of the J-1 Post Orders violated R.C. 149.43(B)(1). *See* R.C. 149.43(B)(1); *State ex rel. Cordell v. Paden*, 156 Ohio St.3d 394, 2019-Ohio-1216, 128 N.E.3d 179, ¶ 12 (whether a public office or person responsible for public records complies with a statutory duty to respond within a reasonable period of time depends upon all of the pertinent facts and circumstances). In the R&R the special master noted that respondent provided a redacted copy of the J-1 Post Orders more than six months after it was created and three months after this action was filed. (R&R, 8.) The court concludes that the special master's recommendation that respondent violated an obligation under R.C. 149.43(B)(1) should be adopted.

**III. Conclusion**

---

[1] Since in *McDougald* the Ohio Supreme Court did not issue an opinion on the merits, the concepts of stare decisis and claim preclusion, as applied to *McDougald*, are inapposite because (1) as a general matter, stare decisis is the "doctrine of precedent, under which a court must follow earlier judicial decisions when the same points arise again in litigation," *Black's Law Dictionary* 1626 (10th Ed.2014), and (2) as a general matter, claim preclusion, also termed res judicata, concerns an "issue that has been definitively settled by judicial decision." *Black's Law Dictionary* at 1504. *See* 1 Restatement of the Law, 2d, Sections 17, 24 (1982).

{¶9} The court rejects in part and adopts in part the special master's R&R of January 29, 2020. The court holds that Burfitt is entitled to the filing of fee of twenty-five dollars and any other costs associated with the action that are incurred by him, except attorney fees. Judgment is rendered in favor of Burfitt. Court costs are assessed against respondent. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

PATRICK M. MCGRATH
Judge

**Filed February 18, 2020**
**Sent to S.C. Reporter 3/6/20**