[Cite as *State ex rel. Schumann v. Cleveland*, 2020-Ohio-4920.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

THE STATE OF OHIO, EX REL.,
MARK W. SCHUMANN,                         :

      Relator,                                  :

                                  No. 109776

      v.                                        :

CITY OF CLEVELAND, ET AL.,                 :

      Respondents.                              :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** WRIT GRANTED
**DATED:** October 9, 2020

---

Writ of Mandamus
Order No. 541363

---

### *Appearances:*

Mark Schumann, *pro se.*

Barbara A. Langhenry, Cleveland Director of Law, and Luke D. Mahoney, Assistant Director of Law, *for respondent.*

MICHELLE J. SHEEHAN, J.:

{¶ 1} On May 13, 2020, the relator, Mark Schumann emailed the city of Cleveland to request public records, including emails, that substantiated a statement by Mayor Jackson that 68% of recycled materials are contaminated and have to be

sent to a regular landfill. Although Cleveland acknowledged the receipt of the request, Schumann received no records. On June 17, 2020, Schumann commenced this mandamus action against the respondents, the city of Cleveland, Mayor Frank Jackson, and Michael Cox, the Department of Public Works Director, to compel release of the desired records.

{¶ 2} Beginning on July 14, and continuing through July 29, Cleveland released six records partially fulfilling Schumann's requests. After a guidelines hearing on July 30, 2020, this court ordered Schumann to certify the status of the case by stating whether the records provided satisfied his requests, and if they do not, why he believes there are additional outstanding records. The court also ordered the respondents to certify the status of the case by August 21, 2020, certifying what records had been released, when they were released, what steps have been taken to fulfill the request after reviewing the relator's certification and what steps still needed to be taken.

{¶ 3} Schumann certified that he had received no emails and that he still sought them. Pursuant to Cleveland's request, Schumann specified keywords and search criteria for such records. He further certified that if the keywords and search criteria resulted in more than 1000 emails, he would be satisfied with the first 1000. Other than that, Schumann concluded that he had no further objection to declaring his public records request satisfied.

{¶ 4} Cleveland certified that it used Schumann's suggested keywords and search criteria and that the search resulted in 4,349 emails. However, instead of

releasing the first 1000 emails as stated in Schumann's certification, Cleveland sough further limitation of the emails, such as narrowing the time frame or limiting some of the keywords.

{¶ 5} On September 9, this court after reviewing the status of the case, issued the following order:

> In order to ensure that this public records mandamus proceeds to resolution, this court issues the writ of mandamus and orders the respondents to release the first 1000 emails produced. The court further orders the respondents to show cause by September 17, 2020, why the court should not award $1000 in statutory damages and court costs to the relator.

{¶ 6} On September 17, 2020, the respondents certified that they had released the first 1000 emails. Cleveland made a concerted effort by using eight of its lawyers to review the emails for any necessary redactions. Cleveland then released the emails. Accordingly, this court rules that Schumann's public records request is satisfied.

{¶ 7} R.C. 149.43(C)(2) provides in pertinent part that if a requester transmits a written public records request by electronic submission that fairly describes the records, the requester shall be entitled to recover statutory damages if a court determines that the public office failed to comply with an obligation specified in R.C. 149.43(B), to provide the records within a reasonable time. Subsection (C)(2) further provides as follows:

> The amount of statutory damages shall be fixed at one hundred dollars for each business day during which the public office or person responsible for the requested public records failed to comply with an obligation in accordance with division (B) of this section, beginning

with the day on which the requester filed a mandamus action to recover statutory damages, up to a maximum of one thousand dollars. The award of statutory damages shall not be construed as a penalty, but as compensation for injury arising from lost use of the requested information. The existence of this injury shall be conclusively presumed.

{¶ 8} In its defense, Cleveland argues that it provided the records within a reasonable time. Between May 13, 2020, and June 17, 2020, the limitations on work because of the Covid-19 pandemic prevented fulfilling the request. The person assigned to fulfill the request in May could only physically access her office as little as one day per week. After Schumann filed the mandamus, Cleveland worked to fulfill his request, and had satisfied all but the email component by July 29, 2020. Then it sought clarification of the request concerning the emails by obtaining keywords and search parameters. By August 21, 2020, it had obtained 4,349 emails. When it became clear that the first 1000 would satisfy the request, Cleveland committed eight lawyers to complete the task of reviewing the 1000 emails for redaction within one week to satisfy the request and this court's order. Thus, Cleveland maintains that it provided the records within a reasonable time.

{¶ 9} Although the court acknowledges the difficulties caused by the pandemic and the respondents' efforts to provide the records, the court disagrees the records were provided within a reasonable time. Over two months lapsed from the time of the request to the release of the first records. Over four months lapsed from the time of the request to its completion. Schumann felt compelled to file a mandamus to obtain the records, and then 27 days lapsed before he received his first

records.  Furthermore, Cleveland disregarded Schumann's concession that he would be satisfied with the first 1000 emails, causing further delay.  Schumann did not have use of all of the requested records until three months after he filed his mandamus action, much more than the ten business days envisioned by the statute before awarding full damages for loss of use.  Accordingly, this court awards $1000 of statutory damages to Schuman.   The court also awards court costs. R.C. 149.42(C)(3)(a)(1).

{¶ 10} In summary, the court issued a writ of mandamus to compel the respondents to fulfill the relator's request.  Based on the parties' representations, the request has been fulfilled.  Respondents to pay court costs.  The court instructs the clerk to serve upon the parties notice of this judgment and its date of entry upon the journal.  Civ.R. 58(B).

{¶ 11}  Writ of mandamus granted.  Case complete.

_____
MICHELLE J. SHEEHAN, JUDGE

SEAN C. GALLAGHER, P.J., and
ANITA LASTER MAYS, J., CONCUR