[Cite as *State ex rel. McNew v. Ohio Dept. of Rehab. & Corr.*, 2022-Ohio-1859.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Michael A. McNew, | : | |
| Relator, | : | |
| | | No. 20AP-404 |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Ohio Department of Rehabilitation and Correction, | : | |
| | : | |
| Respondent. | : | |
| | : | |

D E C I S I O N

Rendered on June 2, 2022

**On brief:** *Michael A. McNew*, pro se.

**On brief:** *Dave Yost*, Attorney General, and *Mark W. Altier*, for respondent.

IN MANDAMUS
ON OBJECTIONS TO THE MAGISTRATE'S DECISION

SADLER, J.

{¶ 1} Relator, Michael A. McNew, requests this court issue a writ of mandamus ordering respondent Ohio Department of Rehabilitation and Correction ("ODRC") to respond to relator's public records requests.

{¶ 2} This matter was referred to a magistrate pursuant to Civ.R. 53(D) and Loc.R. 13(M) of the Tenth District Court of Appeals. The magistrate issued the appended decision, including findings of fact and conclusions of law, recommending this court issue a partial writ of mandamus and award relator statutory damages and court costs. More particularly, the magistrate determined that ODRC failed to plead and prove facts establishing that one of the documents relator requested, i.e., Lexis Nexis's May 24, 2019 response to ODRC's

request for quote number DRCQ-20-2780 ("Lexis Response"), was exempt from disclosure under the Public Records Act as a trade secret. Accordingly, the magistrate recommended that this court issue a writ of mandamus ordering ODRC to provide relator an unredacted copy of the Lexis Response. The magistrate also determined that ODRC failed to promptly produce the public records requested by relator within a reasonable time; accordingly, the magistrate recommended that this court award relator statutory damages and court costs.

{¶ 3} ODRC has filed objections to the magistrate's decision. Therefore, we must independently review the decision to ascertain whether "the magistrate has properly determined the factual issues and appropriately applied the law." Civ.R. 53(D)(4)(d). We "may adopt or reject a magistrate's decision in whole or in part, with or without modification." Civ.R. 53(D)(4)(b).

{¶ 4} In its first objection, ODRC asserts the magistrate erred by determining that it abandoned its claim that the Lexis Response was exempt from disclosure because it contained trade secrets. As explained in the magistrate's decision, ODRC asserted it provided certain documents to relator on November 4, 2020. ODRC claimed this response included a redacted copy of the Lexis Response. ODRC asserted it fully complied with the Public Records Act by providing a redacted copy of the Lexis Response to relator and notifying relator of the redactions.

{¶ 5} Ohio's Public Records Act, R.C. 149.43, "mandates access to public records upon request unless the requested records are specifically excepted from disclosure." *State ex rel. Lucas Cty. Bd. of Commrs. v. Ohio Environmental Protection Agency*, 88 Ohio St.3d 166, 170 (2000). Trade secrets are exempt from disclosure under the Public Records Act under the "state and federal law" exemption of R.C. 149.43(A)(1)(v). *State ex rel. Besser v. Ohio State Univ.*, 89 Ohio St.3d 396, 399 (2000). ODRC argues the magistrate erred by determining that it was "precluded from relying on the 'trade secrets' exception in defense of its redactions," and by recommending that this court provide relator with an unredacted copy of the Lexis Response without considering whether the trade secret exemption applied. (ODRC Brief at 12.)

{¶ 6} Contrary to ODRC's characterization, the magistrate did not conclude ODRC was precluded from relying on a trade secret exemption; rather, the magistrate concluded ODRC failed to assert that exemption. The magistrate found that ODRC "failed to plead

and prove facts clearly establishing the applicability of the [trade secret] exception" and "completely failed to raise the trade-secret exception anywhere before this court."  (Mag. Decision at 37.)  Our review of the record confirms the magistrate's conclusion.  In its merit brief before the magistrate, ODRC asserted relator's mandamus claim was moot because it had provided him with all records responsive to his request.  ODRC did not present any argument to the magistrate that the Lexis Response, or any portion of it, was exempt from disclosure because it contained trade secrets.  The only reference to the trade secret exemption appeared in the cover letter sent to relator on November 4, 2020,[1] which was part of the evidence ODRC submitted to this court.

{¶ 7}  This court has held that an argument is waived when it is not asserted before a magistrate and is raised for the first time in objections to the magistrate's decision.  *See State ex rel. Maglis v. Indus. Comm.*, 10th Dist. No. 15AP-648, 2016-Ohio-4644, ¶ 10 ("Relator did not argue before the magistrate that 10 weeks of death benefits was arbitrary or that the commission failed to provide an adequate explanation.  Consequently, this argument is waived."); *State ex rel. German v. Provider Servs. Holdings, LLC*, 10th Dist. No. 13AP-149, 2014-Ohio-3336, ¶ 18 ("[R]elator argues for the first time here that the commission abused its discretion by not stating that the employer met its burden to demonstrate voluntary abandonment.  Because relator failed to raise this issue before the magistrate, relator has waived this argument."); *State ex rel. Durbin v. Indus. Comm.*, 10th Dist. No. 10AP-712, 2012-Ohio-664, ¶ 10 ("Though relator's objections assert the magistrate erred in not addressing her contentions that the commission failed to exercise continuing jurisdiction on the basis of fraud, the issue was not raised by relator in either her complaint or merit brief.  In accordance with [*State ex rel.*] *Hackenburg* [*v. Indus. Comm.*, 10th Dist. No. 06AP-938, 2007-Ohio-4181] and [*State ex rel.*] *Advantage Tank*

---

[1] The cover letter sent to relator contained the following paragraph referring to the trade secret exemption:

> Note that Lexis Nexis claims trade secret and copyright protections for the May 24, 2019 response to the DRC Request for Quote number DRCQ-20-2780, which are exceptions to the Ohio Public Records Act (see R.C. 149.43(A)(1)(v), 17 U.S.C. § 102(a), and R.C. Chapter 1333).  DRC is working to resolve the applicability of these claimed exceptions to the May 24, 2019 response and will supplement this response.

(Nov. 4, 2020 ODRC letter to relator.)  The magistrate noted there was no indication in the record that ODRC ever supplemented its response to relator.

*Lines* [*v. Indus. Comm.*, 10th Dist. No. 03AP-584, 2004-Ohio-3384], we conclude relator waived the issue by presenting it for the first time in the objections to the magistrate's decision."); *State ex rel. Hackenburg v. Indus. Comm.*, 10th Dist. No. 06AP-938, 2007-Ohio-4181, ¶ 4 ("[R]elator contends the commission abused its discretion when it determined she had reached MMI as of January 13, 2006, based on the report of Dr. Martin. A review of relator's brief, however, discloses that she failed to raise this issue before the magistrate, and, therefore, it is considered waived.").  In this case, ODRC waived its trade secret exemption argument by failing to raise it before the magistrate.  Accordingly, we overrule ODRC's first objection.

{¶ 8}   In its second objection, ODRC asserts the magistrate erred by recommending that this court order it to provide an unredacted copy of the Lexis Response without conducting an in camera review to determine whether the redacted material constituted trade secrets.  ODRC claims an in camera inspection is required when a government body asserts an exemption from the Public Records Act, and that in this case the trade secret protection belongs to Lexis Nexis and could not be waived by ODRC.

{¶ 9}   The Public Records Act is construed liberally in favor of broad access and any doubt must be resolved in favor of disclosure of public records.  *State ex rel. Rogers v. Ohio Dept. of Rehab. & Corr.*, 155 Ohio St.3d 545, 2018-Ohio-5111, ¶ 6.  Exceptions to the Public Records Act are strictly construed and the custodian of the public records bears the burden of establishing the applicability of an exception.  *Id.* at ¶ 7.  To meet this burden, the records custodian "must prove that the requested records 'fall squarely within the exception.' " *Id.*, quoting *State ex rel. Cincinnati Enquirer v. Jones-Kelley*, 118 Ohio St.3d 81, 2008-Ohio-1770, ¶ 10.

{¶ 10} The Supreme Court of Ohio has held that in certain circumstances the applicability of an exception to the Public Records Act may be apparent from the records themselves.  *McDougald v. Greene*, 162 Ohio St.3d 250, 2020-Ohio-4268, ¶ 10.  In *McDougald*, a prison inmate requested copies of shift-assignment duty rosters, which detailed the assignments of guards within the prison.  *Id.* at ¶ 1.  The prison provided the inmate heavily redacted copies of the documents.  *Id.*  When the inmate filed a mandamus action seeking unredacted copies, the prison asserted the redacted matters were exempt from disclosure under the infrastructure-records exemption and the security-records

exemption. *Id*. at ¶ 5. After reviewing unredacted copies of the documents, the Supreme Court concluded the records did not constitute infrastructure records but were exempt from disclosure as security records. *Id*. at ¶ 8-12. The court found it to be "clear from the face of the documents that [the security records] exemption applie[d] to the records at issue." *Id*. at ¶ 9. Notably, the court held that "[b]ut for the fact that the relevance of the records to the security of the prison is apparent from the face of the documents, we might well reach a different result in this case." *Id*. at ¶ 10.

{¶ 11} The record in the present case presents the "different result" contemplated by the majority opinion in *McDougald*. As explained in our analysis of the first objection, ODRC did not argue for an exception to the Public Records Act before the magistrate, instead asserting relator's claim was moot because it had provided the requested records to relator. Additionally, ODRC did not present an unredacted copy of the Lexis Response to the magistrate or request that he conduct an in camera review of it to determine whether it contained trade secrets that were exempt from disclosure. Unlike *McDougald*, because the relevant document is not before us, we cannot find it to be "clear from the face of the documents" that the trade secret exemption applied to part or all of the Lexis Response. *Id*. at ¶ 9.

{¶ 12} "[W]hen a public office claims an exception based on risks that are not apparent within the records themselves, the office must provide more than conclusory statements in affidavits to support its claim." *State ex rel. Rogers* at ¶ 15. In the present case, ODRC provided *less* than conclusory statements in an affidavit to support the trade secret exemption. There was no mention of the trade secret exemption in the affidavit ODRC presented to the court, nor any attempt to explain why the Lexis Response was covered by that exemption. The sole reference to trade secrets appeared in the cover letter sent to relator, but ODRC did not present as evidence the records that accompanied that cover letter.

{¶ 13} ODRC is correct that the Supreme Court has "consistently required an in camera inspection of records before determining whether the records are excepted from disclosure" under the Public Records Act. *State ex rel. Lanham v. DeWine*, 135 Ohio St.3d 191, 2013-Ohio-199, ¶ 22. That principle arises from cases in which the public office asserts that an exemption applies. *See Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 163

Ohio St.3d 337, 2020-Ohio-5371, ¶ 29, quoting *State ex rel. Natl. Broadcasting Co., Inc. v. Cleveland*, 38 Ohio St.3d 79 (1988), at paragraph four of the syllabus ("When the government's *asserted* exemption is challenged, 'the court must make an individualized scrutiny of the records in question.' " (Emphasis added.)); *Lanham* at ¶ 20 ("The attorney general's office claims that the records at issue here are excepted from disclosure."); *State ex rel. Seballos v. School Emps. Retirement Sys.*, 70 Ohio St.3d 667, 671 (1994) ("When a governmental body *asserts* that public records are excepted from disclosure and this assertion is challenged, the court in which the action is brought must conduct an *in camera* inspection of the documents." (Emphasis added.)). In this case, ODRC failed to assert the trade secret exemption until after the magistrate issued his decision. ODRC likewise failed to provide evidence to support a finding that the trade secret exemption applied. Under these circumstances, we cannot conclude the magistrate erred by failing to conduct an in camera review of the Lexis Response before ordering it to be provided to relator. Therefore, we overrule ODRC's second objection.

{¶ 14} In its third objection, ODRC asserts it is inappropriate for the court to award costs to relator unless and until the court conducts an in camera review of the Lexis Response and determines that it is not covered by the trade secret exemption. A relator shall be awarded court costs "[i]f the court orders the public office or the person responsible for the public record to comply with [R.C. 149.43(B)]" or "makes a determination described in [R.C. 149.43(C)(3)(b)(iii)]"—i.e., that "[t]he public office or the person responsible for the public records acted in bad faith when the office or person voluntarily made the public records available to the relator for the first time after the relator commenced the mandamus action, but before the court issued any order concluding whether or not the public office or person was required to comply with [R.C. 149.43(B)]." R.C. 149.43(C)(3)(a); R.C. 149.43(C)(3)(b)(iii). ODRC notes the magistrate found relator presented no argument or evidence that it acted in bad faith and therefore an award of costs under R.C. 149.43(C)(3)(a)(ii) is inappropriate. ODRC asserts costs may only be awarded under R.C. 149.43(C)(3)(a)(i) if the court enters a final judgment issuing a writ of mandamus compelling it to provide an unredacted copy of the Lexis Response to relator. For the reasons set forth above, we conclude the magistrate did not err in recommending that we issue a writ of mandamus ordering ODRC to provide relator an unredacted copy of the Lexis

Response. Therefore, because we are ordering ODRC to comply with R.C. 149.43(B), an award of costs under R.C. 149.43(C)(3)(a)(i) is appropriate. Accordingly, we overrule ODRC's third objection.

{¶ 15} Following an independent review of the magistrate's decision and the objections filed by ODRC, we overrule ODRC's three objections. We adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained therein. For the reasons set forth herein, we issue a writ of mandamus ordering ODRC to produce to relator an unredacted copy of Lexis Nexis's May 24, 2019 response to ODRC's request for quote number DRCQ-20-2780. We award relator statutory damages in the amount of $1,000 and order ODRC to pay the costs in this matter.

*Objections overruled;*
*writ of mandamus granted;*
*statutory damages and costs awarded.*

KLATT and BEATTY BLUNT, JJ., concur.

_____

A P P E N D I X

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Michael A. McNew, | : | |
| Relator, | : | |
| v. | : | No. 20AP-404 |
| Ohio Department of Rehabilitation and Correction, | : | (REGULAR CALENDAR) |
| | : | |
| Respondent. | : | |
| | : | |

M A G I S T R A T E ' S   D E C I S I O N

Rendered on January 7, 2022

*Michael A. McNew,* pro se.

*Dave Yost,* Attorney General, and *Mark W. Altier,* for respondent.

IN MANDAMUS

{¶ 16} Relator, Michael A. McNew, has filed this original action seeking a writ of mandamus ordering respondent, Ohio Department of Rehabilitation and Correction ("ODRC"), to comply with his requests for public records made pursuant to R.C. 149.43. Relator has also filed a March 22, 2021, motion to supplement the evidence, which the magistrate denies.

Findings of Fact:

{¶ 17} 1. Relator is a prisoner incarcerated at London Correctional Institution ("LCI").

{¶ 18}  2. ODRC is a governmental agency that operates LCI.

{¶ 19}  3. Relator asserts in his petition for writ of mandamus that ODRC, in bad faith, failed to produce public records in two separate requests for documents. With regard to the first request ("first request"), relator alleges: (1) on April 13, 2020, relator sent a public records request to Vicky Justus at LCI, requesting the itemized operating budget for the education department at LCI (including the high school, vocational education programs, the library, and law library) for the fiscal year starting July 1, 2019 and ending June 30, 2020; (2) in a May 11, 2020, letter, Justus stated that LCI does not have these records and directed relator to ODRC's operations support center ("central office"); (3) on May 15, 2020, relator sent a public records request by regular mail to Annette Chambers-Smith at ODRC's central office requesting the same records as requested from LCI. ODRC did not respond to the May 15, 2020, request; (4) on June 8, 2020, relator sent the same request via certified mail to Chambers-Smith at ODRC's central office; (5) the signed return receipt for the June 8, 2020, request is undated, but has a postmarked return of June 12, 2020, and was received by relator on June 15, 2020; and (6) ODRC has not provided any reply to the June 8, 2020, request.

{¶ 20}  With regard to the second request ("second request"), relator alleges: (1) on April 13, 2020, relator sent a public records request to Chambers-Smith, by regular mail, requesting a copy of any contract, presently in effect, under which ODRC provides Lexis Nexis access to inmates, regardless of whether the signatory is ODRC or the State of Ohio, including any side letters or memoranda of understanding between the parties intended to interpret, supplement, or amend the contract ("second request"); (2) on April 17, 2020, ODRC, via staff counsel Sarah Pierce, produced the contract responsive to the April 13, 2020, request; however, the contract references additional terms and conditions set forth in separate documents that were not produced although requested; (3) in an April 27, 2020, letter to Pierce, relator informed her that there were other documents that fell within the scope of the second request that were not produced, specifically, the request for quote number DRCQ-20-2780; the May 24 and June 7, 2019 Lexis Nexis response to quote number DRCQ-20-2780; the Lexis Nexis agreement for prison solutions; and the Lexis Nexis additional terms for all products; (4) relator received no reply to the April 27, 2020, request; (5) on May 15, 2020, relator sent a request to Chambers-Smith by regular mail for

the records specifically requested in the April 27, 2020, letter; (6) relator received no reply to the May 15, 2020, request; (7) on June 22, 2020, relator sent a written request to Chambers-Smith via certified mail for the documents requested in the April 27, 2020, letter; (8) the return receipt from the June 22, 2020, request indicated that ODRC received the request on June 29, 2020; and (9) ODRC failed to produce the records requested in the June 22, 2020, request or reply to the request.

{¶ 21} 4. On August 28, 2020, relator filed the present petition for writ of mandamus, in which he claimed ODRC failed to comply with his first and second public records requests pursuant to R.C. 149.43.

{¶ 22} 5. On November 4, 2020, Pierce sent a letter to relator that included the records responsive to relator's first request. The letter indicated that the enclosed record was responsive to the request with the most current data, and the budget data was itemized by funding stream. The letter did not specify what responsive records had been provided.

{¶ 23} 6. On November 4, 2020, Pierce sent a letter to relator that included the records responsive to relator's second request. Pierce noted that Lexis Nexis claims trade secret and copyright protections for the May 24, 2019, response to the ODRC request for quote number DRCQ-20-2780 (under R.C. 149.43(A)(1)(v), 17 U.S.C. 102(a), and R.C. 1333), and ODRC was working to resolve the applicability of this claimed exception to the May 24, 2019, response and would supplement the response. The letter did not specify what responsive records had been provided.

{¶ 24} 7. In a November 5, 2020, affidavit, Pierce averred to the following: (1) with regard to the first request, the ODRC central office staff worked to identify any records available that would be responsive to the request; due to the COVID-19 emergency most central office staff, including herself, worked from home with limited access to their regular office space; two reports were identified as responsive and were provided to relator on November 4, 2020, as evidenced by the November 4, 2020, letter; and (2) with regard to relator's second request, ODRC central office staff located the additional contract records requested by relator and provided these records to relator on November 4, 2020, as evidenced by the November 4, 2020, letter. The affidavit concluded with an averment that, as of November 4, 2020, the responsive records have been provided to relator.

{¶ 25} 8. On November 20, 2020, ODRC filed a motion requesting a stay and mediation through this court's mediation department, indicating that it believed it could resolve the matter without the need for a judgment.

{¶ 26} 9. On December 1, 2020, this magistrate denied ODRC's motion to refer the matter to mediation but granted a stay for the parties to pursue settlement.

{¶ 27} 10. On February 22, 2021, ODRC notified the court that negotiations had failed, and this magistrate lifted the previously imposed stay.

Conclusions of Law:

{¶ 28} In order for this court to issue a writ of mandamus, a relator must ordinarily show a clear legal right to the relief sought, a clear legal duty on the part of the respondent to provide such relief, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141 (1967). However, relators in public-records mandamus cases need not establish the lack of an adequate remedy in the ordinary course of law. *State ex rel. ACLU of Ohio v. Cuyahoga Cty. Bd. of Commrs.*, 128 Ohio St.3d 256, 2011-Ohio-625, ¶ 24, citing *State ex rel. Morgan v. New Lexington*, 112 Ohio St.3d 33, 2006-Ohio-6365, ¶ 41.

{¶ 29} Under R.C. 149.43(B)(1), a public office is required to make copies of public records available to any person on request and within a reasonable period of time. A "public record" is a record "kept by any public office." R.C. 149.43(A)(1). A party who believes that his request for a public record has been improperly denied may file a mandamus action in order to compel production of the record. R.C. 149.43(C)(1)(b). *See State ex rel. Physicians Commt. for Responsible Medicine v. Ohio State Univ. Bd. of Trustees*, 108 Ohio St.3d 288, 2006-Ohio-903, ¶ 6. The requester must establish by clear and convincing evidence a clear legal right to the records and a corresponding clear legal duty on the part of the respondent to provide them. *See State ex rel. Cincinnati Enquirer v. Sage*, 142 Ohio St.3d 392, 2015-Ohio-974, ¶ 10. When a public office withholds responsive records, it has the burden of showing that the records are statutorily exempted from disclosure. *State ex rel. Cincinnati Enquirer v. Jones-Kelley*, 118 Ohio St.3d 81, 2008-Ohio-1770, paragraph two of the syllabus. Exceptions to disclosure are strictly construed against the public office withholding the records. *Id.* A writ of mandamus will not issue when the uncontroverted

evidence shows that the requested documents do not exist. *State ex rel. Lanham v. Smith*, 112 Ohio St.3d 527, 2007-Ohio-609, ¶ 15.

{¶ 30} In the present case, relator presents arguments pertaining to both the first request and second request. With regard to the first request, relator argues that he sent the public records requests regarding the budget records pertaining to LCI's education department to the central office on May 15, 2020, and, again, on June 8, 2020. However, ODRC failed to respond to either request. Relator argues that the financial documents sent with the November 4, 2020, letter from ODRC were not responsive to the request. Relator argues that the produced documents are a spreadsheet showing the balance of several ODRC accounts and a spreadsheet of accounts payable, neither of which can be construed as an itemized budget.

{¶ 31} However, a public office has no duty to provide records that do not exist, or that it does not possess. *State ex rel. Gooden v. Kagel*, 138 Ohio St.3d 343, 2014-Ohio-869, ¶ 5, 8-9. *See also State ex rel. McDougald v. Greene*, 163 Ohio St.3d 471, 2020-Ohio-5100, ¶ 10 (when a requester seeks a nonexistent record, a public office has no duty to provide it). In the absence of evidence to the contrary, the public office may be presumed to have performed its duties including public records identification and retrieval regularly and in a lawful manner. *State ex rel. Toledo Blade Co. v. Toledo-Lucas Cty. Port Auth.*, 121 Ohio St.3d 537, 2009-Ohio-1767, ¶ 29. An office may establish by affidavit that all existing records have been provided. *Id.* at ¶ 15. Although the affidavit may be rebutted by evidence showing a genuine issue of fact, a requester's mere belief based on inference and speculation does not constitute the evidence necessary to establish that a document exists as a record. *State ex rel. McCaffrey v. Mahoning Cty. Prosecutor's Office*, 133 Ohio St.3d 139, 2012-Ohio-4246, ¶ 22-26 (a requester's mere disbelief in a public office's assertion of nonexistence does not constitute the clear and convincing evidence necessary to establish that responsive documents do exist). The "burden of persuasion" is at all times on the requester of records to prove his right to relief by the requisite quantum of evidence. *Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 163 Ohio St.3d 337, 2020- Ohio-5371, ¶ 34. Consequently, the requester must establish entitlement to relief by clear and convincing evidence. *Id.* Clear and convincing evidence is "that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty

as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

{¶ 32} In the present case, relator has failed to sustain his burden. Relator does not present any evidence that there are any public records pertaining to his first request that ODRC has not provided. Although relator argues that the financial documents sent with the November 4, 2020, letter from ODRC were not responsive to the request, relator presents no evidence that the type of "itemized budget" that he envisions or desires exists. In her November 5, 2020, affidavit, Pierce averred that ODRC produced two reports as responsive to relator's first request, and as of that date, the responsive records have been provided to relator. Thus, relator having failed to sustain his burden that there exist additional public records responsive to his first records request, ODRC fulfilled its obligation and did not violate R.C. 149.43.

{¶ 33} With regard to the second request, relator argues that on April 13, 2020, he originally requested from the central office the records that were part of the contract between ODRC and Lexis Nexis, and that request specifically defined "contract" to include side letters or memoranda of understanding between the parties intended to interpret, supplement, or amend the contract. However, relator contends, ODRC produced only a bare-bones agreement between the parties and did not include the other documents referenced in that agreement. Relator points out that he made another request for these records on May 15, 2020, but he received no reply, so he made another request on June 22, 2020, specifically requesting the request for quote known as DRCQ-20-2780, the May 24 and June 7, 2019 Lexis Nexis response to DRCQ-20-2780, the Lexis Nexis agreement for prison solutions, and the Lexis Nexis additional terms for all products, which were all mentioned in the contract. ODRC also did not respond to his June 22, 2020, request. Relator asserts that the documents ODRC did produce with the November 4, 2020, letter (i.e., the request for quote number DRCQ-20-2780) were insufficient because: (1) the letter raises for the first time that the May 24, 2019, response from Lexis Nexis is protected by trade secrets; (2) the documents do not address the June 7, 2019, Lexis Nexis response to the request for quote and does not claim a trade secret exception; and (3) the documents do not contain the Lexis Nexis agreement for prison solutions or the Lexis Nexis additional

terms for all products. Relator contends that if the claim of trade secrets cannot be resolved by redaction, then this court should review the document in camera.

{¶ 34} ODRC counters that relator concedes that respondent produced some of the requested records prior to initiation of the action, namely, the contract between ODRC and Lexis Nexis. ODRC also points to Pierce's affidavit, in which she stated that, as of November 4, 2020, responsive records to relator's requests have been provided to him.

{¶ 35} As with relator's first request for public records, relator has failed to meet his burden of persuasion with regard to his claims that more records exist than ODRC produced with regard to his second request. Relator claims ODRC has not produced the Lexis Nexis agreement for prison solutions or the Lexis Nexis additional terms for all products. However, relator presents no evidence to contradict Pierce's affidavit, in which she indicates that ODRC has delivered to relator its existing records responsive to his request. Relator has not rebutted Pierce's affidavit by presenting this magistrate evidence showing a genuine issue of fact remains, and relator's speculation that ODRC possesses these records is insufficient. Lacking clear and convincing evidence of the existence of these documents, this argument must be rejected.

{¶ 36} However, with regard to relator's request for the response to the request for quote number DRCQ-20-2780, Pierce admits in the November 4, 2020, letter that ODRC possesses records responsive to this request, but Pierce states in the letter that Lexis Nexis claims trade secret and copyright protections under R.C. 149.43(A)(1)(v), 17 U.S.C. 102(a), and R.C. 1333. Pierce goes on to aver that ODRC is working to resolve the applicability of this claimed exception to the May 24, 2019, response and would supplement the response. Initially, the magistrate notes that the record does not indicate that ODRC ever supplemented the response; therefore, relator's request appears to remain unfulfilled as of this decision. Regardless, nowhere in her November 5, 2020, affidavit does Pierce raise any claim regarding trade secrets and does not disclose or explain the nature of the trade secret. Furthermore, nowhere in ODRC's merit brief before this court does ODRC raise or even mention a trade-secret exception. "If a public office or person responsible for public records withholds a record on the basis of a statutory exception, the 'burden of production' is on the public office or records custodian to plead and prove facts clearly establishing the applicability of the exemption." *Welsh-Huggins* at ¶27. Furthermore, if the requester files

a petition for a writ of mandamus after being initially denied public records on the basis of an exception, "the public office may not rest on assertions in a brief or conclusory statements in an affidavit, but rather, it bears the burden to affirmatively establish through specific, relevant evidence that an exception to disclosure applies." *McDougald v. Greene*, 162 Ohio St.3d 250, 2020-Ohio-4268, ¶ 16 (Kennedy, J., dissenting).

{¶ 37} In the present case, ODRC has not only failed to plead and prove facts clearly establishing the applicability of the exception, ODRC has completely failed to raise the trade-secret exception anywhere before this court, including Pierce's affidavit and ODRC's merit brief. Under these circumstances, the magistrate finds that ODRC has failed to properly assert and establish before this court an exception to the public records requirements; thus, the magistrate recommends that a writ of mandamus be issued ordering ODRC to provide relator with unredacted copies of the May 24, 2019, response to the ODRC request for quote number DRCQ-20-2780. *See id.* (Kennedy, J., dissenting) (failure of the public office to raise or make a meaningful case for the applicability of a previously asserted public-records exception before the court in a subsequent mandamus action constitutes an abandonment of the exception, and the court should not address it; thus, the public office should provide the requester with an unredacted copy of the record).

{¶ 38} In addition, relator asserts that, even if the November 4, 2020, financial-budget documents produced by ODRC can be construed as being responsive to his request, ODRC did not produce these records within a reasonable time, thereby entitling him to court costs and statutory damages. Likewise, relator argues that ODRC failed to produce the Lexis Nexis contract documents within a reasonable time, and even the records it did produce were not produced within a reasonable time, thereby entitling him to court costs and statutory damages.

{¶ 39} ODRC counters that relator has acknowledged that it responded to his April 13, 2020, request on April 17, 2020, by forwarding a copy of the contract between ODRC and Lexis Nexis. Furthermore, ODRC contends that it delivered responsive records to relator regarding both requests on November 4, 2020, and such timeframes were reasonable, given the limitations and restrictions imposed upon Pierce and the central office staff as a result of the COVID-19 pandemic. ODRC points to Pierce's averment that

due to the COVID-19 emergency, most central office staff, including herself, worked from home with limited access to their regular office space.

{¶ 40} R.C. 149.43(B)(1) provides that the public office must "promptly prepare" all records responsive to a public records request within a "reasonable period of time." R.C. 149.43(C)(1) permits a party aggrieved by the failure of the public office to promptly prepare a public record to receive statutory damages under R.C. 149.43(C)(2) in the amount of one hundred dollars for each business day during which the public office failed to comply with the obligation under R.C. 149.43(B)(1), beginning with the day on which the requester files a mandamus action to recover statutory damages, up to a maximum of one thousand dollars. The phrase "reasonable period of time" is not defined in the statute, but the " ' "determination of what is 'reasonable' depends upon all the pertinent facts and circumstances." ' " *State ex rel. Stuart v. Greene*, 161 Ohio St.3d 11, 2020-Ohio-3685, ¶ 7, quoting *State ex rel. Kesterson v. Kent State Univ.*, 156 Ohio St.3d 13, 2018-Ohio-5108, ¶ 16, quoting *State ex rel. Cincinnati Enquirer v. Deters*, 148 Ohio St.3d 595, 2016-Ohio-8195, ¶ 23. In *Stuart*, the Supreme Court of Ohio contrasted *Kesterson*, in which the court awarded statutory damages because the public office did not provide the requested records until six months after the relator commenced her mandamus action, and *State ex rel. Shaughnessy v. Cleveland*, 149 Ohio St.3d 612, 2016-Ohio-8447, in which a response time of 24 days was considered a reasonable period of time to respond to a broad records request when the public office had to search for responsive documents, exclude nonresponsive documents, print the documents, and then review them to redact exempt information. In *Stuart*, the public office provided a substantially redacted record of 18 pages to the requester 31 days after it received the request, and the court found it was a reasonable response time lacking any suggestion to the contrary.

{¶ 41} A selection of other cases addressing whether public records were produced within a reasonable time pursuant to R.C. 149.43 is as follows: *Anthony v. Columbus City Schools*, Ct. of Cl. No. 2021-00069PQ, 2021-Ohio-3241 (in the five weeks between the request and the filing of the complaint, the public office neither provided records nor offered the required explanation, including legal authority for why they were denied, and such did not constitute a "reasonable time"); *Hodge v. Montgomery Cty. Prosecutor's Office*, Ct. of Cl. No. 2019-01111PQ, 2020-Ohio-4520 (prosecutor's office timely

acknowledged public records request three business days after its receipt; however, for its substantive response, even though a public office is entitled to time for legal review of the request, the 45 days taken just to determine that the trial preparation records exception would apply to case records clearly exceeded the reasonable period of time necessary to assess the response); *Burfitt v. Greene*, Ct. of Cl. No. 2019-00766PQ, 2020-Ohio-639, rejected in part and adopted in part in *Burfitt v. Greene*, Ct. of Cl. No. 2019-00766PQ, 2020-Ohio-843 (public records were not produced timely when the public office initially denied the request in its entirety, the public office subsequently created a redacted version of the same documents for another requester two months later, and the public office failed to promptly provide the same redacted documents to the relator until more than six months after it was created and three months after the action was filed); *State ex rel. Schumann v. Cleveland*, 8th Dist. No. 109776, 2020-Ohio-4920 (public records were not provided within a reasonable time when over two months elapsed from the time of the request to the release of the first records, over four months elapsed from the time of the request to its completion, the relator was compelled to file a mandamus to obtain the records and 27 days lapsed before he received his first records, and the relator did not have use of all of the requested records until three months after he filed his mandamus action, much more than the ten business days envisioned by the statute before awarding full damages for loss of use); *Crenshaw v. Cleveland Law Dept.*, 8th Dist. No. 108519, 2020-Ohio-921 (trial court erred when it granted summary judgment to the public office on the issue of statutory damages, as the public office responded to the public records request 76 days after it received the request, and such time was not reasonable because the case did not involve voluminous documents, involved only a single police officer's record for one year, and involved only 65 pages of documents with only routine and ordinary redactions and review necessary); *State ex rel. Korecky v. Cleveland*, 8th Dist. No. 108965, 2020-Ohio-273 (21 days between the records request and the public office's response, which was two days after the filing of the mandamus action, was unreasonable when the records were readily available, did not require redaction, did not require examination of multiple indices for retrieval, did not require the retrieval of information from dusty archives, and timeliness was important for purposes of appeal; however, 18 days between another records request and the public office's response was reasonable when the public office required additional time and

scrutiny to determinate whether any information contained within should be redacted, and timeliness was not important); *Easton Telecom Servs., L.L.C. v. Village of Woodmere*, 8th Dist. No. 107861, 2019-Ohio-3282 (a two-month period of time taken to provide responsive records was reasonable when the request was broad and extensive, comprised requests of several departments and spanned two years; required the involvement of several department officials, all of whom were part-time employees who had to locate, retrieve, and transmit the documents to the village's counsel; counsel was required to review, analyze, redact, and copy the responsive documents; the public office maintained communication with the requester, providing status updates on the progress of the compilation of the responsive records; and there was no evidence the public office ever refused to produce any of the requested records); *State ex rel. Bristow v. Baxter*, 6th Dist. No. E-18-026, 2019-Ohio-214 (delay of two and a half months – and 22 business days after the mandamus filing – before producing the records or in any way responding to relator's requests was unreasonable under R.C. 149.43(B)(1)); *State ex rel. Miller v. Ohio Dept. of Edn.*, 10th Dist. No. 15AP-1168, 2016-Ohio-8534, ¶ 19 (public office's delay of 61 days after the public-records request was received and 7 days after the mandamus action was filed was unreasonable, given there was no explanation for the delay, and the request did not seek a voluminous number of records); *State ex rel. Simonsen v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 08AP-21, 2009-Ohio-442 (37-day delay was unreasonable for purposes of statutory damages for response to a public records request seeking contracts and materials about the negotiation of contracts between a prison facility and one of its suppliers when ODRC did not respond at all to the request until 3 months later, when it did so it gave no explanation for the 3-month delay, and ODRC did not respond fully to the request until after the court ordered ODRC to provide conclusive evidence that it had done so).

**{¶ 42}** In the present case, relator does not dispute that ODRC's April 17, 2020, response to his April 13, 2020, request for the request for quote number DRCQ-20-2780 (by forwarding a copy of the contract between ODRC and Lexis Nexis) was within a reasonable time under the circumstances. However, that was the only document with regard to any of relator's requests that ODRC produced prior to relator's filing of this mandamus petition. Relator made requests on April 27, 2020 (documents relating to the second request that were already requested on April 13, 2020); May 15, 2020 (documents

relating to the first request); May 15, 2020 (request for the documents requested in the April 27, 2020, letter); June 8, 2020 (documents relating to the first request); and June 22, 2020 (request for the documents requested in the April 27, 2020, letter). ODRC responded to none of these requests. On August 28, 2020, relator filed a petition for writ of mandamus. It was not until November 4, 2020, that Pierce sent letters to relator that included records responsive to relator's outstanding requests. In one November 4, 2020, letter, Pierce noted for the first time that Lexis Nexis was claiming trade secret and copyright protections for the May 24, 2019, response to the ODRC request for quote number DRCQ-20-2780, and ODRC was working to resolve the applicability of this claimed exception and would supplement the response. However, there is no indication in the record that ODRC did anything to resolve the claimed exception or provide a supplemental response. Thus, after the initial incomplete response in April 2020, ODRC did not respond to relator's various requests until over two months after relator filed his mandamus complaint, and six and seven months elapsed since relator had filed the original requests in April and May 2020, respectively.

{¶ 43} Based upon all of the circumstances in this case, the magistrate finds that ODRC failed to promptly produce the public records requested by relator within a reasonable time, as contemplated by R.C. 149.43. Except for the main contract between ODRC and Lexis Nexis, ODRC did not produce the requested records for six to seven months after the public records requests and over two months after relator filed his mandamus complaint. ODRC does not claim that it had to conduct a wide-ranging search, comb through voluminous documents, undertake unusually burdensome redactions or legal review, or search dusty archives. To the contrary, the requested records appear to be of recent vintage and readily available. Furthermore, except for the partial response to the first public records request, ODRC wholly failed to respond or acknowledge the requests, maintained no contact with relator throughout the period of delay, and offered no explanation for the delay or any denial. ODRC's lack of any response forced relator to file the instant mandamus in order to obtain records to which the public is entitled to view. Even after filing his mandamus action, relator still had to wait over two months to receive any responsive documents.

{¶ 44} Although ODRC urges this court, in general terms, to consider all of the facts and circumstances at issue in the present case when analyzing the reasonableness of its response time to relator's records requests, it offers but one specific circumstance: the limitations and restrictions imposed upon the staff of ODRC as a result of the COVID-19 pandemic. In her November 5, 2020, affidavit Pierce avers that due to the COVID-19 emergency, most central office staff, including Pierce, worked from home with limited access to their regular office space. However, the magistrate finds that the COVID-19 pandemic does not render reasonable the substantial delay relator suffered in receiving responsive public records in this case. Initially, as mentioned, ODRC did not even respond to any of relator's requests, except the partial response to the first request on April 13, 2020. The COVID-19 pandemic would not excuse ODRC's failure to provide, at a minimum, an acknowledgement of relator's public records requests. Furthermore, the respondent is under a statutory duty to organize its office and employ its staff in such a way that its office will be able to make public records available for inspection and to provide copies when requested within a reasonable time. *See State ex rel. Beacon Journal Pub. Co. v. Andrews*, 48 Ohio St.2d 283, 289 (1976). The court in *State ex rel. Schumann v. Cleveland*, 8th Dist. No. 109776, 2020-Ohio-4920, concluded that the COVID-19 pandemic did not excuse the public office from promptly responding to public records request within a reasonable time. In *Schumann*, over two months elapsed from the time of the request in May 2020 until the release of the first records, and over four months elapsed from the time of the request to its completion in September 2020. The requester was compelled to file a mandamus to obtain the records, and then 27 days elapsed before he received his first records. The relator did not have use of all of the requested records until three months after he filed his mandamus action. Although the court acknowledged the difficulties caused by the pandemic and the respondents' efforts to provide the records after mandamus was filed, the court found that the limitations on work caused by the COVID-19 pandemic that respondents claimed prevented them from fulfilling the request, including the fact that the person assigned to fulfill the request could only physically access her office as little as one day per week, did not excuse untimely response to a public records request. The court awarded $1,000 in statutory damages, the maximum permitted by statute, to relator.

{¶ 45} Therefore, in this case, the magistrate finds that because ODRC failed to promptly produce the public records requested by relator within a reasonable time, as contemplated by R.C. 149.43, relator is entitled to $1,000 in statutory damages, the maximum amount permitted under the statute.

{¶ 46} In his petition and brief, relator also seeks an award for court costs associated with bringing the present mandamus action. Under certain circumstances, a court may award attorney fees, R.C. 149.43(C)(3)(b)(iii), and court costs, R.C. 149.43(C)(3)(a)(ii). As a pro se litigant, relator is ineligible for an award of attorney fees. *See State ex rel. Fant v. Mengel*, 62 Ohio St.3d 197, 198 (1991). As for court costs, court costs shall be awarded to a requester if a court instructs a public office to comply with an obligation imposed by R.C. 149.43(B). R.C. 149.43(C)(3)(a)(i). Costs are also available under R.C. 149.43(C)(3)(a)(ii) if the court makes a determination described in division (C)(3)(b)(iii) of this section, which requires the court to find that the respondent acted in bad faith when the office or person voluntarily made the public records available to the relator during the course of a mandamus action. Further, the subsection provides that there is no presumption of bad faith. *Id*. "Bad faith" generally implies something more than bad judgment or negligence. *McDougald* at ¶ 26, quoting *State v. Tate*, 5th Dist. No. 07 CA 55, 2008-Ohio-3759, ¶ 13. It " 'imports a dishonest purpose, moral obliquity, conscious wrongdoing, breach of a known duty through some ulterior motive or ill will partaking of the nature of fraud. It also embraces actual intent to mislead or deceive another.' " *Id*., quoting *Slater v. Motorists Mut. Ins. Co.*, 174 Ohio St. 148 (1962), paragraph two of the syllabus, *rev'd on other grounds*, *Zoppo v. Homestead Ins. Co.*, 71 Ohio St.3d 552 (1994), paragraph one of the syllabus.

{¶ 47} Here, relator presents no substantive argument or evidence regarding ODRC's alleged bad faith. Notwithstanding, this court has instructed ODRC to comply with an obligation imposed by R.C. 149.43(B); that is, the magistrate has found that a writ of mandamus should be issued ordering ODRC to provide relator with unredacted copies of the May 24, 2019, response to the ODRC request for quote number DRCQ-20-2780. Because R.C. 149.43(C)(3)(a)(i) indicates the court "shall" award all court costs to a relator under these circumstances, the magistrate recommends that relator be awarded all court costs.

{¶ 48} Accordingly, it is the magistrate's decision that a partial writ of mandamus be issued. ODRC is ordered to provide relator with unredacted copies of the May 24, 2019, response to the ODRC request for quote number DRCQ-20-2780, relator is awarded $1,000 in statutory damages, and relator is awarded court costs.

/S/ MAGISTRATE
THOMAS W. SCHOLL III

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).