[Cite as *Schutte v. Gorman Heritage Found.*, 2019-Ohio-1818.]

| | |
|---|---|
| ALAN R. SCHUTTE | Case No. 2018-01029PQ |
| Requester | Judge Patrick M. McGrath |
| v. | <u>DECISION AND ENTRY</u> <u>ADOPTING RECOMMENDATION</u> <u>OF SPECIAL MASTER</u> |
| GORMAN HERITAGE FOUNDATION; DBA GORMAN HERITAGE FARM, GORMAN FARM | |
| Respondent | |

{¶1} Requester Alan R. Schutte objects to a special master's report and recommendation issued on March 15, 2019.

## I. Background

{¶2} On June 29, 2018, pursuant to R.C. 2743.75(D), Schutte filed a complaint against respondent Gorman Heritage Farm Foundation, Inc.; DBA Gorman Heritage Farm, Gorman Farm (Gorman Heritage Farm Foundation), alleging a denial of access to public records. The court appointed an attorney as a special master in the cause. The special master referred the case to mediation. After mediation failed to successfully resolve all disputed issues between the parties, the court returned the case to the special master's docket.

{¶3} In a single filing, Gorman Heritage Farm Foundation responded to Schutte's complaint and moved to dismiss the complaint. On March 15, 2019, the special master issued a report and recommendation (R&R). The special master recommended denying Gorman Heritage Farm Foundation's motion to dismiss and determining the case on the merits. (R&R, 3.) Applying factors contained in *State ex rel. Oriana House, Inc. v. Montgomery*, 110 Ohio St.3d 456, 2006-Ohio-4854, 854 N.E.2d 193 to determine whether Gorman Heritage Farm Foundation constituted a functional-equivalent of a public office for purposes of the Ohio Public Records Act, the special master found that Schutte had not shown by clear and convincing evidence that Gorman Heritage Farm

Foundation was the functional equivalent of a public office for purposes of the Ohio Public Records Act. (R&R, 12-13.) The special master determined that Schutte had waived a claim that Gorman Heritage Farm Foundation should be required to produce disputed records based on quasi-agency theory. (R&R, 13.) However, the special master did determine that Gorman Heritage Farm Foundation is required to "disclose all additional records it maintains pursuant to R.C. 149.431 that are responsive to Requests 1, 2, and 3, in any available electronic format" (R&R, 16-17), and that Gorman Heritage Farm Foundation "is entitled to redact 'the financial records of any private funds expended in relation to the performance of services pursuant to the contract or agreement,' R.C. 149.431(A)(3), although in its previous release of several 2016 and 2017 records it refrained from doing so in the interest of transparency." (R&R, 17.) The special master recommended that the court deny requester's claim for production responsive to Request No. 4 and that the claim for records responsive to Request No. 5 had been rendered moot.
(R&R, 17.)

{¶4} On March 25, 2019—six days after the special master issued the R&R—Schutte, through counsel, filed written objections to the special master's R&R. In an amended certificate of service, Schutte's counsel represents that he served Schutte's objections on all parties of record "via U.S. Certified Mail Return Receipt Requested" on March 25, 2019. Schutte objects to the special master's findings that the Village of Evendale's contribution to Gorman Heritage Farm Foundation totaled $365,000 annually, that Gorman Heritage Farm Foundation is not the functional equivalent of the Village of Evendale, and that Schutte waived his right to pursue requested records under "quasi-agency" theory.

{¶5} On March 25, 2019, Gorman Heritage Farm Foundation requested clarification of the R&R. Three days later, on March 28, 2019, the special master issued

an entry addressing Gorman Heritage Farm Foundation's clarification request.  On April 1, 2019, Gorman Heritage Farm Foundation filed a response to Schutte's objections.

## II.  Law and Analysis

{¶6} R.C. 2743.75(F)(2) governs objections to a special master's R&R issued under R.C. 2743.75.  Pursuant to R.C. 2743.75(F)(2), either party "may object to the report and recommendation within seven business days after receiving the report and recommendation by filing a written objection with the clerk and sending a copy to the other party by certified mail, return receipt requested.  * * * If either party timely objects, the other party may file with the clerk a response within seven business days after receiving the objection and send a copy of the response to the objecting party by certified mail, return receipt requested.  The court, within seven business days after the response to the objection is filed, shall issue a final order that adopts, modifies, or rejects the report and recommendation."

{¶7} Upon review, the court finds that both Schutte's objections and Gorman Heritage Farm's response are timely and filed in accordance with R.C. 2743.75(F)(2)'s requirements.  However, Gorman Heritage Farm's response to Schutte's objections fails to comport with R.C. 2743.75(F)(2)'s requirement that a response should be sent by certified mail, return receipt requested.  In the interest of justice, the court will consider Gorman Heritage Farm Foundation's response.

### A.  Objection No. 1: Schutte's challenge to the special master's factual finding that the Village of Evendale contributed $365,000 annually to the Gorman Heritage Foundation.

{¶8} The special master stated in the R&R: "Evendale annually contributes $300,000 to the Gorman Foundation for general expenses and $65,000 for capital improvements. (Contract, Article III, § 3.1-3.2.)" (R&R, 8.)  Schutte contends that "this finding ignores reality."  According to Schutte, based on copies of ordinances attached to a memorandum in opposition filed by Schutte, the Village of Evendale "contributed an average of $395,223 annually" to the Gorman Heritage Farm Foundation.  Schutte

states: "Beginning in 2016, and every year after, Evendale provided a fuel allotment of $1,000." Schutte reasons: "Because [the special master's analysis] was based on erroneous facts, it is fatally flawed."

{¶9} Even assuming for the sake of argument that the Village of Evendale's annual financial contributions exceeded $365,000, it does not necessarily follow that the special master's overall analysis is "fatally flawed." In *Oriana House*, the Ohio Supreme Court examined whether an appellate court was correct in its determination that Oriana House, a private, nonprofit corporation managing the day-to-day operations of the Summit County Community-Based Correctional Facility and Program, was a public office for purposes of the Public Records Act. *Oriana House*, ¶ 16. *Oriana House* holds:

> 1. Private entities are not subject to the Public Records Act absent a showing by clear and convincing evidence that the private entity is the functional equivalent of a public office.

> 2. In determining whether a private entity is a public institution under R.C. 149.011(A) and thus a public office for purposes of the Public Records Act, R.C. 149.43, a court shall apply the functional-equivalency test. Under this test, *the court must analyze all pertinent factors*, including (1) whether the entity performs a governmental function, (2) the level of government funding, (3) the extent of government involvement or regulation, and (4) whether the entity was created by the government or to avoid the requirements of the Public Records Act.

(Emphasis added.) *Oriana House*, paragraphs 1 and 2 of the syllabus. According to *Oriana House*, the level of government funding is one factor, but, in applying *Oriana House*'s functional-equivalency test, a court is required to analyze "all pertinent factors." *Oriana House*, paragraph 2 of the syllabus. Since under *Oriana House* the level of government funding is but one factor, in this instance, additional annual government funding purportedly in the amount of about $30,000, does not, of itself, compel a

conclusion that the special master's overall analysis is fatally flawed, as Schutte maintains.

{¶10} The court concludes that the Schutte's first objection should be overruled.

**B. Objection No. 2: Schutte's challenge to the special master's application of *Oriana House*'s functional-equivalence test.**

{¶11} Schutte contends that the special master "made arbitrary judgments about the 'strength' of the four primary factors" of *Oriana House*'s functional-equivalence test. Schutte reasons that the court should therefore reject the special master's determination.

{¶12} In this instance, the special master weighed the evidence before him, applied *Oriana House*'s factors, and found that Schutte failed to show by clear and convincing evidence that Gorman Heritage Farm Foundation was the functional equivalent of a public office for purposes of the Ohio Public Records Act. *See, e.g., State ex rel. Repository v. Nova Behavioral Health, Inc.*, 112 Ohio St.3d 338, 2006-Ohio-6713, 859 N.E.2d 936, ¶ 38 (applying *Oriana House*'s factors) (stating that "[t]he only factor that is wholly in the Repository's favor is the level at which Nova was governmentally funded"). A disagreement about the application of the *Oriana House* factors does not necessarily compel a conclusion that an assessment of the evidence is arbitrary. Application of the *Oriana House* functional-equivalency factors may result in different views. *See, e.g., Oriana House*, at ¶ 43-51 (application of functional-equivalency test) (Moyer, C.J., dissenting with opinion, with Resnick and O'Connor, JJ., concurring in the dissenting opinion); *Sheil v. Horton*, 8th Dist. Cuyahoga No. 107329, 2018-Ohio-5240 (reversing this court's application of *Oriana House*'s functional-equivalency test), discretionary review denied, William B. Sheil v. John Horton, Ohio Sup. Ct. No. 2018-1816 (April 3, 2019) (Kennedy and French, JJ., dissenting, and Fischer, J., dissenting and voting to accept the cause on proposition of law No. I).

{¶13} Upon consideration of Schutte's second objection, the court determines that the second objection should be overruled.

**C. Objection No. 3: Schutte's challenge to the special master's conclusion that Schutte waived a claim that records should be produced under a quasi-agency theory.**

{¶14} In the R&R, the special master stated that Schutte "waived [a claim of entitlement to the records] because he could have raised, but failed to raise, the claim in his complaint. *Nova Behavioral Health* at ¶ 40-41." (R&R, 13.)

{¶15} In *State ex rel. Repository v. Nova Behavioral Health, Inc.*, 112 Ohio St.3d 338, 2006-Ohio-6713, 859 N.E.2d 936, the Repository, a daily newspaper of general circulation in Stark County, Ohio, sought a writ of mandamus to compel Nova Behavioral Health, Inc., a private, nonprofit corporation to provide access to certain records under the Public Records Act, R.C. 149.43. The Supreme Court of Ohio stated that the Repository waived its "claim that even if Nova was not a public office, it was 'the person responsible for the public record' under R.C. 149.43(C) and therefore subject to the Public Records Act." *Nova Behavioral Health, Inc.*, at ¶ 40-41.

{¶16} The Repository…could have raised, but failed to raise, the claim in its complaint or amend its complaint to include it…and there is no indication that *Nova* consented to trial of the alternate claim. *Id.*, citing *State ex rel. Taxpayers Coalition v. Lakewood* (1999), 86 Ohio St.3d 385, 391, 1999 Ohio 114, 715 N.E.2d 179; *State ex rel. Musial v. N. Olmsted,* 106 Ohio St.3d 459, 2005 Ohio 5521, 835 N.E.2d 1243, ¶ 31. A review of Schutte's complaint discloses that Schutte alleged that "the GHF [Gorman Heritage Farm] is the functional equivalent of the Village of Evendale, having been established to operate a publicly accessible educational farm, which itself is owned by the Village of Evendale, and it is an entity receiving public funds and subject to R.C. 149.43 by R.C. 149.431." Schutte could have raised an entitlement to the requested records based on a theory of quasi-agency in the complaint; however, he did not.

{¶17} The court determines that the special master's determination of waiver based on *Nova Behavioral Health, Inc.* at ¶ 40-41, is not error.  The court concludes that Schutte's third objection should be overruled.

## III. Conclusion

{¶18} For reasons set forth above, the court determines that Schutte's objections to the special master's R&R of March 15, 2019, should be overruled.

PATRICK M. MCGRATH
Judge

| | |
|---|---|
| ALAN R. SCHUTTE | Case No. 2018-01029PQ |
| Requester | Judge Patrick M. McGrath |
| v. | <u>ENTRY</u> |
| GORMAN HERITAGE FOUNDATION; DBA GORMAN HERITAGE FARM, GORMAN FARM | |
| Respondent | |

{¶19} For the reasons set forth in the decision filed concurrently herewith, and upon independent review of the objected matters, the court OVERRULES requester Alan R. Schutte's objections to the special master's report and recommendation (R&R) issued on March 15, 2019. The court adopts the special master's R&R as the court's own. Judgment is rendered in part in favor of Schutte and in part in favor of respondent Gorman Heritage Farm Foundation, Inc.; DBA Gorman Heritage Farm, Gorman Farm (Gorman Heritage Farm Foundation).

{¶20} Because Gorman Heritage Farm Foundation has denied Schutte access to public records in violation of R.C. 149.43(B), the court ORDERS Gorman Heritage Farm Foundation to forthwith permit Schutte to inspect or receive copies of the public records delineated in the special master's R&R, as clarified in the special master's entry of March 28, 2019. Schutte is entitled to recover from Gorman Heritage Farm Foundation the amount of the filing fee of twenty-five dollars and other costs associated with the

action, but Schutte is not entitled to recover attorney fees. Court costs are assessed equally against the parties. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

PATRICK M. MCGRATH
Judge

**Filed April 8, 2019**
**Sent to S.C. Reporter 5/10/19**