[Cite as *Welin v. Hamilton*, 2022-Ohio-2660.]

| | |
|---|---|
| PETER WELIN, ESQ | Case No. 2021-00748PQ |
| Requester | Judge Patrick E. Sheeran |
| v. | <u>DECISION AND ENTRY</u> |
| CITY OF HAMILTON, OHIO | |
| Respondent | |

{¶1} Requester Peter Welin, Esq. partially objects to a Special Master's Report and Recommendation in this public-records case. The Court overrules Welin's partial objections for reasons set forth below.

## I.    Background

{¶2} On December 29, 2021, Welin filed a public-records complaint against Respondent City of Hamilton, Ohio (City). Welin alleged that, among other things, the City's denial of his public-records request of July 6, 2021 violated R.C. 149.43(B).

{¶3} The Court appointed a Special Master, who referred the case to mediation. After mediation failed to successfully resolve all disputed issues between the parties, the Court returned the case to the Special Master's docket.

{¶4} On April 1, 2022, the City responded to Welin's complaint. On July 5, 2022, the Special Master issued a Report and Recommendation (R&R). The Special Master recommends (1) denying Welin's claim for production of records, (2) finding that the City failed to provide Welin with "the information required when denying a request on the ground that it is ambiguous and overly broad, in violation of R.C. 149.43(B)(2)," and (3) assessing costs equally between the parties. (R&R, 13.)

{¶5} On July 14, 2022, Welin filed partial objections to the Special Master's R&R. Welin certifies that, on July 14, 2022, a copy of his partial objections was served upon the City's counsel and upon the City via certified mail, return receipt requested, and by email. Thereafter, on July 25, 2022, the City filed a response to Welin's partial objections. The

City's counsel certifies that he sent a copy of the City's response to Welin via email and U.S. mail on July 25, 2022.  The City maintains that the Special Master correctly found that the City properly denied Requester's public-records request of July 6, 2021. The City asks the Court to adopt the Special Master's Report and Recommendation.

## II.     Law and Analysis

{¶6} R.C. 2743.75(F)(2) governs objections to a special master's report and recommendation.  Under R.C. 2743.75(F)(2), either party "may object to the report and recommendation within seven business days after receiving the report and recommendation by filing a written objection with the clerk and sending a copy to the other party by certified mail, return receipt requested. * * * If either party timely objects, the other party may file with the clerk a response within seven business days after receiving the objection and send a copy of the response to the objecting party by certified mail, return receipt requested.  The court, within seven business days after the response to the objection is filed, shall issue a final order that adopts, modifies, or rejects the report and recommendation."

{¶7} R.C.  2743.75(F)(2)  requires  that  any  objection  to  a  report  and recommendation "shall be specific and state with particularity all grounds for the objection."   In the partial objections, Welin objects to the Special Master's recommendations for the denial of his claim for production of records and for the equal assessment of cost between the parties.  Welin does not, however, object to the Special Master's recommendation for a finding that the City violated R.C. 149.43(B)(2) by failing to provide him with certain required information when it denied a request on grounds of ambiguity and overbreadth.

{¶8} Welin maintains that his request "was neither ambiguous nor overly broad" when he sought records, which Welin contends, the City kept concerning the development of four hydroelectric power plants.

{¶9} Upon review, the Court finds that the Special Master's recommendations are correctly based on the ordinary application of statutory and case law as they existed at the time that Welin filed his Complaint.  Welin's partial objections therefore are not well-taken.

### III.     Conclusion

{¶10} The Court OVERRULES Welin's partial objections.  The Court adopts the Special Master's Report and Recommendation.  In accordance with the Special Master's recommendations, the Court denies Welin's claim for production of records, finds that the City failed to provide Welin with certain required information under R.C. 149.43(B)(2), and assesses court costs equally between the parties.  Pursuant to R.C. 2743.75(F)(3)(b), as an aggrieved person, Welin is entitled to recover from the City the amount of the filing fee of twenty-five dollars and any other costs associated with the action that are incurred by Welin, but Welin is not entitled to recover attorney fees.  The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

PATRICK E. SHEERAN
Judge

Filed July 28, 2022
Sent to S.C. Reporter 8/4/22