[Cite as *Dye v. Cleveland*, 2025-Ohio-2375.]

**IN THE COURT OF CLAIMS OF OHIO**

| | |
|---|---|
| JAKIMAH R. DYE | Case No. 2025-00216PQ |
| Requester | Special Master Todd Marti |
| v. | <u>REPORT AND RECOMMENDATION</u> |
| CITY OF CLEVELAND | |
| Respondent | |

{¶1} This case is before me for a R.C. 2743.75(F) report and recommendation. I recommend that the court: (1) order respondent to produce the records listed in the appendix to this report and recommendation and to certify that it has no other records responsive to the underlying requests; (2) order respondent to do so within 30 days of the entry of a judgment on this report and recommendation; (3) order respondent to file and serve a certification that it has taken those actions within 40 days of the entry of a judgment on this report and recommendation; (4) find that respondent unreasonably delayed the production of the records requested, (3) order respondent to pay requester's filing fee and costs and the balance of the costs of this case; and (4) deny all other relief.

## I. Background.

{¶2} Requester Jakimah Dye was discharged from her employment with the respondent City of Cleveland and contested that action. She made six public records requests to Cleveland for materials related to her discharge. Cleveland produced redacted and unredacted records before this case was filed. See generally, *Respondent's Notice of Filing Evidence*, filed April 28, 2025 ("*Respondent's Evidence*"), pp. 3-13, ¶¶ 5-10.

{¶3} Ms. Dye filed this case to compel the production of additional records. She also sought a declaration that Cleveland unreasonably delayed the production of records and damages based on R.C. 149.43(C). Mediation was bypassed because of how long

Ms. Dye's requests had been pending. A schedule was set for the parties to file evidence and memoranda supporting their positions. That schedule has run its course, making this case ripe for decision. *Order Bypassing Mediation*, entered April 14, 2025.

## II. Analysis.

### A. All pending motions should be denied, and the case should be decided on the merits.

{¶4} The parties have made several motions in this case. Requester filed two motions going to the merits. Cleveland moved to refer the case to mediation and its response to the complaint includes a motion to dismiss on procedural grounds. *PQ Motions* filed March 5, April 14, and 28, 2025*; Motion to Dismiss*, filed May 5, 2025. I recommend that all those motions be denied and the case resolved on the merits.

{¶5} Respondent's March 5 motion to refer the case to mediation was implicitly DENIED by the *Order Bypassing Mediation*.

{¶6} Requester's April 14 and 28 motions are barred by R.C. 2743.75(E)(2). That statute provides that "No . . . motions" other than a motion to dismiss, "shall be accepted . . . unless the special master directs in writing that . . . a . . . motion . . . be filed." I did not direct that requester's motions be filed. They should therefore be DENIED.

{¶7} Respondent's May 5 motion to dismiss argues that this case should be dismissed because requester's motions are improper in light of R.C. 2743.75(E)(2), because her evidence was not filed in the way required by the scheduling order controlling this case, and because those missteps impeded the efficient and economical resolution of this case. *Motion to Dismiss*, pp. 7-9.

{¶8} I recommend that respondent's motion be denied for three reasons. First, cases should be decided on the merits if possible, and requester's procedural foibles are not so egregious as to prevent a decision on the merits. Second, R.C. 2743.75 is intended to provide a forum for those who are not "schooled in the law," so the court should be hesitant to dispose of potentially meritorious claims based on a lay person's inartful submissions. *Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 2020-Ohio-5371, ¶ 12. Third, Cleveland has not identified any substantive prejudice it suffered as a result of the matters it complains of. Respondent's motion should therefore be DENIED.

**B. Requester's claim for production of records responsive to Request No. P01654-80724 is moot, but her claim that respondent unreasonably delayed the production of records is valid.**

{¶9} This request was made August 7, 2024, and sought records related to other employees' disciplinary proceedings and oaths of office. Cleveland produced 219 pages of responsive records between October 28, 2024, and April 14, 2025. It has submitted affidavit testimony that its production constituted a "full release," which I construe to mean that it has produced all responsive records. PQ Miscellaneous, *Respondent's Notice of Filing and Service of Responsive Records with flash drive containing Redacted Records*, filed April 28, 2025 ("*Redacted Records*"), pp. 4189-4404; *Respondent's Evidence*, p. 11, ¶ 9.

### 1. Production claim.

{¶10} "In general, the provision of requested records to a [requester] in a public-records *** case renders the *** claim moot." *State ex rel. Cincinnati Enquirer v. Dupuis,* 2002-Ohio-7041, ¶ 8. A public records case can be mooted by the respondent producing the responsive records during the course of the litigation. *State ex rel. Striker v. Smith*, 2011-Ohio-2878, ¶¶ 17-18, 22. When a public office asserts that it has produced all records responsive to a request, and supports the assertion with sworn evidence, the requester has the burden of coming forward with clear and convincing evidence that the office has additional responsive records. *State ex rel. Cordell v. Paden*, 2019-Ohio-1216, ¶¶ 5-10; *McCaffrey v. Mahoning Cty. Prosecutor's Office*, 2012-Ohio-4246, ¶¶ 22-26; *State ex rel. Gooden v. Kagel*, 2014-Ohio-869, ¶ 8; *Welin v. City of Hamilton*, 2022-Ohio-2661, ¶ 8, adopted 2022-Ohio-2660 (Ct. of Cl.).

{¶11} Cleveland has provided affidavit testimony that it has released all responsive records. Ms. Dye's claim is therefore moot unless she has presented clear and convincing evidence that additional records exist.

{¶12} She has not. Although her memoranda argue that additional records exist, those memoranda are not sworn and hence are not evidence. *Hickman v. Ford Motor Co.*, 52 Ohio App.2d 327, 330 (8th Dist.1977); *Meadows v. Freedom Banc, Inc.*, 2005-Ohio-1446, ¶ 20 (10th Dist.). Further, *State ex rel. Cincinnati Enquirer v. Sage*, 2015-Ohio-974, does not elevate Ms. Dye's unsworn arguments about the incompleteness of Cleveland's

production to the level of evidence. That case is inapposite because it did not address the sufficiency of a requester's response to an office's assertion that it has produced all responsive records.

{¶13} That evidentiary void is not filled by the affidavits Ms. Dye attached to the May 15, 2025, *Requester's Opposition to Respondent's Motion to Dismiss*. Those affidavits were filed well after the April 28, 2025, deadline for filing evidence and hence cannot be considered over Cleveland's objection. *Order Bypassing Mediation*, ¶ B (setting deadline), *Schaffer v. Ohio State Univ.*, 2024-Ohio-2185, ¶ 12, adopted 2024-Ohio-2625 (Ct. of Cl.) (collecting cases).

{¶14} Although a production claim is not mooted if the records produced were improperly redacted, and although some records produced in response to this request were redacted, those redactions do not keep Ms. Dye's production claim alive. A court will only undertake individualized scrutiny of redactions if they are specifically challenged. *State ex rel. Sultaana v. Mansfield Corr. Inst.*, 2023-Ohio-1177, ¶ 24, n. 2. See also, *Welsh-Huggins*, 2020-Ohio-5371, ¶ 29 (scrutiny of exemptions triggered when "the government's asserted exemption is challenged"); Schutte v. Gorman Heritage Found., 2019-Ohio-1611, ¶ 26, adopted, 2019-Ohio-1818, ¶¶ 14-17 (Ct. of Cl.) (claim not pled is not considered) . The only redactions Ms. Dye specifically challenged were based on the attorney-client privilege, and none of the redactions to records responsive to this request were based on the privilege.

## 2. Delay claim.

{¶15} R.C. 149.43(B)(1) mandates that "upon request *** a public office *** shall make copies of the requested public record available to the requester *** *within a reasonable period of time*." (Emphasis added). A public office's compliance with that requirement is evaluated based on the facts and circumstances of the request. *State ex rel. Morgan v. Strickland*, 2009-Ohio-1901, ¶ 10; *State ex rel. Kesterson v. Kent State Univ.*, 2018-Ohio-5108, ¶ 16. Several factors indicate that Cleveland unreasonably delayed its response to this request

{¶16} First, the delay here is longer than delays found unreasonable in other cases. Although each delay claim turns on its own facts, some guidance is provided by similar cases. This request was made on August 7, 2024. Cleveland did not complete its

response until April 14, 2025, 168 working days later. *Respondent's Evidence*, p. 11, ¶ 9. That is longer than the delays found to be unreasonable in other cases. See *State ex rel. Ware v. Bur. of Sentence Computation*, 2022-Ohio-3562, ¶ 17 (10th Dist.); *Jones v. Columbus Div. of Police*, 2025-Ohio-465, ¶ 21 (10th Dist.) (both surveying cases). While not conclusive, that suggests that the delay here was unreasonable.

{¶17} Second, the requests involved a limited number of records and presented limited review/redaction issues. Public offices are given more time to respond to requests for large volumes or diverse types of records. Conversely, they are allowed less time for narrower requests. Compare *State ex rel. Shaughnessy v. City of Cleveland*, 2016-Ohio-8447, ¶ 14; *Kesterson*, 2018-Ohio-5108, ¶ 17; *State ex rel. Patituce & Assocs., LLC v. City of Cleveland*, 2017-Ohio-300, ¶ 7 (8th Dist.) and *Easton Telecom Servs., LLC. v. Village of Woodmere*, 2019-Ohio-3282, ¶¶ 46-49 (8th Dist.); with *Miller v. Ohio Dept. of Education,*, 2016-Ohio-8534, ¶ 8 (10th Dist.); *State ex rel. Ware v. Bur. of Sentence Computation*, 2022-Ohio-3562, ¶ 19 (10th Dist.); and *Foulk v. City of Upper Arlington*, 2017-Ohio-4249, ¶ 11, adopted 2017-Ohio-5767 (Ct. of Cl.). Relatedly, more time is allowed if the volume or nature of responsive records make legal review/redaction more time consuming. Compare *State ex rel. Cincinnati Enquirer v. Pike Cty. Coroner's Office*, 2017-Ohio-8988, ¶ 59 and *Anderson v. Greater Cleveland Regional Transit Auth.*, 2018-Ohio-3653, ¶ 7, adopted, 2018-Ohio-4596 (Ct. of Cl.) with *Miller*, 2016-Ohio-8534, ¶ 8; *State ex rel. Simonsen v. Ohio Dept. of Rehab. & Correction*, 2009-Ohio-442, ¶ 10 (10th Dist.); *State ex rel. Korecky v. City of Cleveland*, 2020-Ohio-273, ¶ 19 (8th Dist.); *Ware*, 2022-Ohio-3562, ¶ 19.

{¶18} The request at issue here was limited, seeking only three types of records. Quantitively, it generated a relatively small volume of responsive records, 219 pages. Qualitatively, the review/redaction issues were straight forward. It should not have taken Cleveland 168 working days to determine what redactions were needed.

{¶19} *Third, the production only occurred after litigation commenced*. Courts are more likely to find delayed production unreasonable if it occurs after commencement of litigation. *Miller*, 2016-Ohio-8534, ¶ 8; *Ware*, 2022-Ohio-3562, ¶ 19; *State ex rel. Schumann v. City of Cleveland*, 2020-Ohio-4920, ¶ 9 (8th Dist.). That makes sense; it is difficult to justify a delay that requires the requester, the courts, and the public office (and

the taxpayers who fund them), to expend time and money on an avoidable controversy. That is what we have here.

{¶20} I therefore recommend that the court find that Cleveland violated R.C. 149.43(B)(1) by unreasonably delaying its response this request.

### C. Requester's claim for production of records responsive to Request No. C001779-80724 is moot, but her claim that respondent unreasonably delayed the production of records is valid.

{¶21} This request was also made on August 7, 2024, and sought records related to Ms. Dye's termination and the personnel files of officials involved in her termination. Cleveland produced 717 pages of records through rolling productions from November 2024 through March 10, 2025. Cleveland provided affidavit testimony that this constituted a "full release," which I understand to be an assertion that all responsive records have been produced. *Redacted Records*, pp. 3471-4188; *Respondent's Evidence*, pp. 9-11, ¶ 8.

#### 1.  Production claim.

{¶22} As explained in connection with Request No. P01654-080724, a claim for production of records becomes moot if the public office produces the requested records. As also explained there, a requester has the burden of proving by clear and convincing evidence that additional responsive records exist if the public office provides affidavit testimony that it has provided all responsive records.

{¶23} Cleveland provided affidavit testimony that it has made a full release of all records responsive to this request. Although Ms. Dye has made arguments as to why she believes additional records exist, she has not submitted any evidence that they do. That is also true with regard to metadata; she has submitted no evidence that Cleveland has the metadata related to these records. Her claim for production of records is therefore moot.

{¶24} Further, the redactions to the records produced in response to this request do not keep Ms. Dye's production claim alive. None of those redactions are based on attorney-client privilege, the only redactions she specifically challenged. *Sultaana*, 2023-Ohio-1177, ¶ 24, n. 2; *Schutte*, 2019-Ohio-1611, ¶ 26, adopted, 2019-Ohio-1818, ¶¶ 14-17 (Ct. of Cl.)

## 2. Delay claim.

{¶25} This request was made on August 7, 2024, and Cleveland did not produce all responsive records until March 11, 2025, 143 working days later. That is longer than response times other courts have found to be unreasonable. *Ware* v, 2022-Ohio-3562, ¶ 17; *Jones*, 2025-Ohio-465, ¶ 21. Although there was a significant volume of responsive records, it was not so large as to justify such an extensive delay. The redactions were straightforward. The production was only made after litigation commenced. I therefore recommend that the court find that Cleveland unreasonably delayed its response to this request.

## D. Requester's production claim should be granted in part regarding Request No. C0030307-120524, and her delay claim should be sustained.

{¶26} This request was made on December 4, 2024, and sought personnel records of certain of Cleveland's employees, records related to a staff retreat, and communications related to that retreat. Cleveland produced 2,891 pages of responsive records through a series of rolling productions beginning in February 2025 and ending March 7, 2025. Cleveland's evidence indicates that a number of records were withheld based on attorney-product privilege and other bases. *Redacted Records*, pp. 579-3470; *Respondent's Evidence*, pp. 8-9, 14, ¶¶ 7, 12; pp. 18-23, ¶ 11.

## 1. Production Claim.

{¶27} Unlike its response to the requests previously discussed, Cleveland did not provide affidavit testimony that it provided all records responsive to this request. Instead, it simply attested that the request was "closed in the system." Ms. Dye is therefore entitled to any other records that are responsive to this request, or a certification that no additional records exist, if there is "some evidence" that additional responsive records exist. *Sell v. Trumbull Cty.*, 2024-Ohio-6139, ¶ 6 (Ct. of Cl.)

{¶28} Cleveland's submissions establish that it withheld a number of records responsive to the request based on the attorney-client privilege. *Redacted Records*, pp. 3466-3470. That is some evidence that those records exist. Further, Cleveland has not met its burden of proving that those records did in fact fall within the privilege. *Welsh-Huggins*, 2020-Ohio-5371, ¶¶ 27, 35; *Westfield Ins. Group v. Silco Fire & Sec.*, 2019-

Ohio-2697, ¶ 47 (5th Dist.). It did not file them for camera review or provide any extrinsic evidence that they fall within the privilege.[1] I therefore recommend that Cleveland be ordered to produce those records, in unredacted form, to Ms. Dye. Cleveland should however redact those records to protect third parties' statutory privacy rights. See *Matis v. Toledo Police Dept.*, 2023-Ohio-4878, ¶ 10, adopted 2024-Ohio-567 (Ct. of Cl.)

{¶29} Because some evidence exists that there are more records responsive to this request, I recommend that Cleveland be ordered to produce all other responsive records and to certify that no other responsive records exist.

### 3. Delay claim.

{¶30} This request was made on December 4, 2024, and Cleveland did not produce all responsive records until March 7, 2025, 61 working days later. Further, that production was not complete, as just discussed. That is longer than response times other courts have found to be unreasonable. *Ware*, 2022-Ohio-3562, ¶ 17; *Jones*, 2025-Ohio-465, ¶ 21. Although there was a significant volume of responsive records, it was not so large as to justify that delay. The production was only made after litigation commenced. I therefore recommend that the court find that Cleveland unreasonably delayed its response to this request.

### E. Requester's production claim regarding Request No. C003178-122624 should be granted in part; requester's delay claim regarding this request should be sustained.

{¶31} This request was made on December 26, 2024, and sought communications from various officials during 2024 containing certain search terms. Cleveland produced

---

[1] Cleveland's submissions are less than clear on this point. Pages 3466-3470 of the *Redacted Records* refer to specific pages where the allegedly privileged records are found, but they do not appear to be either pages of the *Redacted Records* or pages of the records on the flash drive referenced in *Respondent's Notice of Manual Filing Under Seal of Exempt Records*, filed April 8, 2025 ("*In Camera Records*"). It therefore appears that the allegedly privileged records are not actually in the record of this case. And although Cleveland provided affidavit testimony supporting claims of privilege in connection with other requests, it did not provide affidavit testimony regarding the allegedly privileged records referenced at pp. 3466-3470 of the *Redacted Records*. See *Respondent's Evidence*, pp. 18-23, ¶ 11. The resulting doubts about these records' privileged status should therefore be resolved against Cleveland. *Welsh-Huggins*, 2020-Ohio-5371, ¶ 28.

467 pages of records responsive to this request between March 18 and April 10, 2025. Portions of those records were redacted, and Cleveland withheld a large number of records. *Respondent's Evidence*, pp. 3-6, 14, ¶¶ 5, 12; pp. 18-23, ¶ 11.

**1. Requester's production claim regarding this request is moot except as to documents improperly redacted or withheld based on the attorney-client privilege.**

{¶32} As discussed earlier, a production claim is moot to the extent that the respondent has produced all public records responsive to the underlying request. Cleveland produced affidavit testimony that it made a "full release" of all responsive public records, which I take to be an attestation that it produced all responsive public records. *Respondent's Evidence*, p. 6, ¶ 5. That would moot Ms. Dye's production claim (except as to improper redactions/withholdings) unless she came forward with clear and convincing evidence that Cleveland has additional responsive public records. *McCaffrey*, 2012-Ohio-4246, ¶¶ 22-26.

{¶33} As was also discussed earlier, Ms. Dye has produced no evidence, but only offered unsworn memoranda. The court should therefore find that her production claim regarding this request is moot, except as to records improperly redacted or withheld based on the attorney-client privilege.

**2. Requester improperly redacted or withheld some records based on the attorney-client privilege**.

{¶34} Ms. Dye's production claim is not moot to the extent that Cleveland improperly redacted or withheld records based on claimed exemptions from the Public Records Act. Cleveland did redact and withhold records responsive to this request pursuant to various exemptions, but the only redactions/withholding Ms. Dye has specifically challenged are those based on the attorney-client privilege. Those are therefore the only redactions/withholding at issue. *Sultaana*, 2023-Ohio-1177, ¶ 24, n. 2; *Schutte* 2019-Ohio-1611, ¶ 26, adopted, 2019-Ohio-1818, ¶¶ 14-17.

{¶35} It is settled law that "the party claiming the privilege has the burden of proving that the privilege applies[.]" *Westfield*, 2019-Ohio-2697, ¶ 47 (cleaned up); *MA Equip. Leasing I, LLC v. Tilton*, 2012-Ohio-4668 (10th Dist.), ¶ 21. That requires proof of every

element of the privilege. *Cincinnati Enquirer v. Hamilton Cty. Bd. of Commrs.*, 2020-Ohio-4856, ¶ 20, adopted 2020-Ohio-5281(Ct. of Cl.). The privilege applies:

> "'(1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection is waived.'" *State ex rel. Lanham v. DeWine*, 2013-Ohio-199, ¶ 27.

**{¶36}** Cleveland filed copies of the records it produced in redacted form and unredacted copies of all records it redacted or withheld based on the attorney-client privilege. *In Camera Records.* It identified those redactions and withholdings by referencing both the pages of the redacted records it produced and the pages of the *In Camera Records*. *Respondent's Evidence* pp. 18-23, ¶ 11. I have carefully reviewed the unredacted records and find that all the redactions/withholding identified there were proper except those discussed below. The propriety of the redactions/withholdings not discussed below was established by the contents of the records themselves, the affidavit testimony Cleveland produced in support of those redactions/withholdings, or both.[2] *Welsh-Huggins*, 2020-Ohio-5371, ¶¶ 30, 35, 50, 53.

**{¶37}** Several email chains were improperly redacted: those that reflected Cleveland's lawyers' interaction with its public relations staff concerning responses to

---

[2] It should be noted that most of Cleveland's redactions and withholdings were based on the attorney work product doctrine. *In Camera Records* pp. 16-407, 410-1561. The work product doctrine is distinct from the attorney-client privilege and fits within a different exemption from the Public Records Act. *Squire, Sanders & Dempsey, L.L.P. v. Givaudan Flavors Corp.*, 2010-Ohio-4469, ¶¶ 54-56; *Parks v. Colburn*, 2018-Ohio-4595, ¶ 18 (Ct. of Cl.); R.C. 149.43(A)(1)(g) and (4). Nonetheless, those redactions/ withholdings should not be disturbed, for two reasons. Procedurally, Ms. Dye has not challenged Cleveland's invocations of the work product doctrine, despite being put on notice of them by explicit statements in *Respondent's Evidence* filed well before Ms. Dye's May 12, 2025, memorandum in support of her claims. *Sultaana*, 2023-Ohio-1177, ¶ 24, n. 2; *Schutte* 2019-Ohio-1611, ¶ 26, adopted, 2019-Ohio-1818, ¶¶ 14-17. Substantively, review of those materials showed that they were "specifically compiled in reasonable anticipation of, or in defense of, a civil or criminal action or proceeding," and hence are exempted from the Public Records Act by R.C. 149.43(A)(1)(g) and (4).

media inquiries. Communications about public relations concerns are not protected by the attorney-client privilege absent evidence that the public relations participants were involved in the formulation of legal, rather than public relations, advice. *Cincinnati Enquirer v. Hamilton Cty. Bd. of Commrs.*, 2020-Ohio-4856, ¶ 30, adopted 2020-Ohio-5281 (Ct. of Cl.); *Waters v. Drake*, 2015 U.S. Dist. LEXIS 164179 (S.D. Dec. 8, 2015), ** 6-7. As the *Waters* decision noted, "advising a client on matters like the timing of its announcement of a decision . . . is not legal advice." *Id*. at *7. That is what we see in pp. 12-14, 1562-1567, and 1571 of the *In Camera Records*. Cleveland's lawyers were communicating with other officials regarding public relations, rather than legal, issues. Further, Clevand has produced no evidence that the communications actually involved the formulation or execution of legal advice. I therefore recommend that Cleveland be ordered to produce unredacted copies of those records to Ms. Dye, subject to redactions to protect third parties' statutory privacy rights.

### 3. Delay Claim.

**{¶38}** This request was made on December 26, 2024. Cleveland did not fully respond until April 10, 2025, 71 working days later. That is longer than response times other cases have found to be unreasonable. *State ex rel. Clark-Shawnee Local School Dist. Bd. of Edn. v. City of Springfield*, 2024-Ohio-2483, ¶ 26 (2d. Dist*.) (almost two months); Anthony v. Columbus City Schools*, 2021-Ohio-3241, ¶15 (Ct. of Cl.) (five weeks); *Parrish v. Village of Glendale*, 2018-Ohio-2913, ¶ 12 (Ct. of Cl.) (six weeks); *Staton v. Village of Timberlake*, 2023-Ohio-1860, ¶ 10, adopted, 2023-Ohio-2322 9Ct. of Cl.) (72 days). The volume of responsive records was not exceedingly large, and the redaction issues were not complicated. Cleveland only produced the records after this case was filed. I therefore recommend that the court find that Cleveland unreasonably delayed its response to this request.

### G. Respondent should be ordered to produce all records responsive to Request Nos. C003190-12304 and C003191-123024, subject to appropriate redactions.

**{¶39}** These requests were made on December 30, 2024. Cleveland did not respond to them until after this case was filed, when it objected to on overbreadth grounds. *Respondent's Evidence*, pp. 6-8, 11-12, ¶¶ 6,10.

{¶40} Overbreadth is the only defense Cleveland has asserted to these requests, but that fails because overbreadth was not raised before this case was filed. A public office waives an overbreadth objection if it does not assert it before the case is filed. *Schaffer v. Ohio State Univ.*, 2024-Ohio-2185, ¶ 46, adopted, 2024-Ohio-2625 (Ct. of Cl.) (collecting cases). I therefore recommend that Cleveland be ordered to produce all records responsive to this request, subject to appropriate redactions to protect third parties' statutory privacy rights.

**F. Requester is entitled to recover her filing fee and costs; respondent should bear the balance of the costs**.

{¶41} R.C. 2743.75(F)(3)(b) provides that the "aggrieved person shall be entitled to recover from the public office *** the amount of the filing fee *** and any other costs associated with the action[.]" Ms. Dye was aggrieved by Cleveland's failure to produce the records listed in the appendix to this report and by its delay in responding to her requests. I therefore recommend that she recover her filing fee and the costs she incurred in this case. I also recommend that Cleveland bear the balance of the costs of this case.

**G. Other claims.**

{¶42} Ms. Dye asserts several claims that are not limited to specific requests, but none support relief.

{¶43} *Damages*. Ms. Dye seeks damages pursuant to R.C. 149.43(C), but they are not available in cases brought pursuant to R.C. 2743.75. *Doe v. Ohio State Univ.*, 2024-Ohio-5891, ¶¶ 42-55 (10th Dist.).

{¶44} *R.C. 149.43(B)(3)*. Ms. Dye asserts that Cleveland violated R.C. 149.43(B)(3) by failing to provide adequate legal bases for its denials, but that claim was not pled in her complaint. That relief is therefore unavailable. *Schutte*, 2019-Ohio-1611, ¶ 26, adopted, 2019-Ohio-1818, ¶¶ 14-17.

{¶45} *Privilege log*. Ms. Dye's claim for relief based on the fact that Cleveland did not provide a privilege log fails on two independently dispositive grounds. Procedurally, that claim was not pled in her complaint. Substantively, R.C. 149.43 does not require public offices to provide privilege logs. *State ex rel. Lanham v. DeWine*, 2013-Ohio-199, ¶ 24.

{¶46} *Describing searches*. Ms. Dye's claim that Cleveland was required to describe the searches it undertook in response to her requests also fails on two levels. The claim was not pled in her complaint. Further, the Supreme Court has held that "there is no duty under R.C. 149.43 for respondents to detail the steps taken to search for records responsive to the requests." *McCaffrey*, 2012-Ohio-4246, ¶ 26.

{¶47} *Metadata*. Ms. Dye seeks the metadata for the records responsive to all her requests. However, a party must specifically request metadata to be entitled to it. *McCaffrey*, 2012-Ohio-4246, ¶¶ 19-21. She only requested metadata for request No. C001779-80724, so Cleveland was not obligated to provide it for the records responsive to the other requests.

**III. Conclusion**.

{¶48} In light of the foregoing, I recommend that the court:

(A)    Order respondent to produce the records listed in the appendix to this report and to certify that it has no other records responsive to the corresponding requests;

(B)    Order respondent to take those actions within 30 days of the entry of a judgment on this report and recommendation;

(C)    Order respondent to file and serve a certification that it has taken those actions within 40 days of the entry of a judgment on this report and recommendation;

(D)    Find that respondent unreasonably delayed the production of the records requested;

(E)    Deny all pending motions;

(F)    Order respondent to pay requester's filing fee and costs and the balance of the costs of this case, and

(G)    Deny all other relief.

{¶49} *Pursuant to R.C. 2743.75(F)(2), either party may file a written objection with the clerk of the Court of Claims of Ohio within seven (7) business days after receiving this report and recommendation. Any objection shall be specific and state with particularity all grounds for the objection. A party shall not assign as error on appeal the court's adoption*

*of any factual findings or legal conclusions in this report and recommendation unless a timely objection was filed thereto. R.C. 2743.75(G)(1).*

---

TODD MARTI
Special Master

**Filed June 3, 2025**
**Sent to S.C. Reporter 7/3/25**

## <u>Appendix</u>

### Records to be Produced

**Request No. C0030307-120524**

Unredacted copies of the records referenced at pp. 3466-3470 of the *Redacted Records*.

All other records responsive to this request that have not been previously produced, subject to redactions to protect third parties' statutory privacy rights.

**Request No. C003178-122624**

Unredacted copies of the records filed at pp. 12-14, 1562-1567, and 1571 of the *In Camera Records*.

**Request No. C003190-12304**

All other records responsive to this request that have not been previously produced, subject to redactions to protect third parties' statutory privacy rights.

**Request No. C003191-123024**

All other records responsive to this request that have not been previously produced, subject to redactions to protect third parties' statutory privacy rights.