[Cite as *Fankhauser v. Bucyrus Police Dept.*, 2026-Ohio-2340.]

# IN THE COURT OF CLAIMS OF OHIO

| | |
|---|---|
| KURT FANKHAUSER | Case No. 2026-00110PQ |
| Requester | Special Master Sarah Pierce |
| v. | <u>REPORT AND RECOMMENDATION</u> |
| BUCYRUS POLICE DEPARTMENT | |
| Respondent | |

{¶1} This matter is before me for a report and recommendation. R.C.2743.75(F). I recommend that the court (1) deny respondent's motion to dismiss, (2) grant judgment for requester on his claim that respondent overcharged for production of body-worn camera footage pursuant to R.C. 149.43(B)(1), (3) order respondent to reimburse requester for his filing fee, and (4) order respondent to bear the costs of this case.

## I.   Background

### A.  The public-records request

{¶2} On January 9, 2026, Requester Kurt Fankhauser submitted a public records request to Respondent Bucyrus Police Department. The request asked "for the case file on muni court case # CRB2400743 which is on Carolyn Shireman from a Tel. Harassment incident on 10/15/2024" and specified that he "would like all reports/photo's/video/bodycam footage regarding that case that BPD has." *Complaint, filed Feb. 5, 2026*, p. 6.

{¶3} On January 15, 2026, the Police Department invoiced Requester $701.21 for the body-worn camera footage he requested. *Compl.*, p. 2, 14. Requester paid the next day. *Id.*, p. 1, 14.

{¶4} On February 6, 2026, after this case was filed, Requester received records from the Police Department. *Req. Evidence, filed Mar. 24, 2026*, p. 3. These records included a redacted police report and body-worn camera footage. *Id.*, p. 4-18.

### B. Procedural history

{¶5} This matter was referred to mediation. Mediation did not resolve the case, and a schedule was set for both parties to file evidence and memoranda supporting their positions. *Order Terminating Mediation, entered Mar. 10, 2026*; *Order Granting Extension, entered Mar. 25, 2026*.

{¶6} On April 29, 2026, I issued an order requiring the Police Department to file affidavit evidence substantiating the costs charged to Requester for the responsive body-worn camera video. *Order, entered Apr. 29, 2026*. The Police Department was granted an extension to file the affidavit evidence. *Order, entered May 12, 2026*. The Police Department did not make any additional filings in this case.

## II.     Analysis

### A. Requester's production claim is moot.

{¶7} Providing requested records generally renders a public-records claim moot. *State ex rel. Cincinnati Enquirer v. Dupuis*, 2002-Ohio-7041, ¶ 8; *Kearns v. Boardman Twp. Police Dept.*, 2025-Ohio-475, ¶ 7 (public-records claim mooted when records provided during litigation), adopted at Ct. of Cl. No. 2024-00776PQ (Mar. 19, 2025). "An event that causes a case to become moot may be proved by extrinsic evidence outside the record." *Dupuis* at ¶ 8. A public records case can be mooted by the respondent producing the responsive records during litigation. *State ex rel. Striker v. Smith*, 2011-Ohio-2878, ¶¶ 17-18, 22.

{¶8} Requester has produced evidence that the requested records were provided to him. On February 6, 2026, a redacted investigation report and body-worn camera footage related to the requested incident was provided to Requester. *Req. Ev.*, p. 4-18. The Police Department provided the legal authority for redactions to Requester on the same day. *Id.*, p. 3. The Police Department appears to rely on this evidence to support its motion to dismiss. *Resp. Motion to Dismiss, filed Mar. 30, 2026*, p. 1. The production claim regarding these records is therefore moot.

{¶9} Requester argues that redactions made to the records are not supported by law. *See Req. Ev.*, p. 1; *Req. Reply, filed Apr. 22, 2026*, p. 1. Requester's claims are limited to those stated in the complaint. *Hastings v. Washington Court House Bldg./Zoning Dept.*, 2025-Ohio-1292, ¶ 7 (Ct. of Cl.) ("[T]he the only matters properly

before the Court or Special Master are those identified in the body of the complaint."). In his complaint, Requester states only that, "Video should not be redacted as no crime was ever proven due to case being dropped. No legal exemptions exist for allowing altering/redacting of video." *Compl.*, p. 1. I do not consider this to be a claim contesting particular redactions to the responsive public records. Many public-records exceptions may apply to law enforcement records, even after the close of a case. These could include personal information (R.C. 149.43(A)(1)(dd)), public service worker information (R.C. 149.43(A)(1)(p)), and confidential sources (R.C. 149.43(A)(1)(h), (A)(2)), among others (R.C. 149.43(A)(1)(v)). Requester also made this statement in the complaint in the absence of seeing any redactions to the responsive records. Of the redactions made to the records, it is impossible to guess if any are contested or not contested by the Requester, based on the claims raised in the complaint. A court will only undertake individualized scrutiny of redactions if they are specifically challenged. *Dye v. Cleveland*, 2025-Ohio-2375, ¶ 14, adopted 2025-Ohio-4330 (Ct. of Cl.).

{¶10} I therefore recommend that the court find Requester's production claim has been mooted by the February 6, 2026, production of responsive records, and that Requester is not entitled to any further relief on this claim.

### B. Respondent overcharged Requester for copies of responsive body-worn camera footage.

{¶11} Requester claims that he was overcharged for the body-worn camera video footage provided by the Police Department. *Compl.*, p. 1. Requester was invoiced and paid $701.21 for the body-worn camera footage. *Req. Ev.*, p. 32; *Req. Suppl. Ev., filed May 18, 2026*. There is no evidence that Requester was refunded any portion of this charge.

{¶12} Under recent amendments to the Public Records Act, a local law enforcement agency may charge for providing copies of body-worn camera footage, including overhead costs and staff time. R.C. 149.43(B)(1). However, those charges are "not to exceed seventy-five dollars per hour of video produced, nor seven hundred fifty dollars total." *Id.*

{¶13} On February 6, 2026, the Police Department provided Requester with responsive body-worn camera footage. *Req. Ev.*, p. 3-9. That same footage was provided

to the court. *Id.*, p. 18. The Police Department did not introduce any evidence regarding its production of records. However, the Police Department appears to rely on Requester's evidence (or, at least, does not dispute that evidence) to support its motion to dismiss. *Resp. Mot. to Dismiss*, p. 1. The body-worn camera footage provided to Requester totals approximately 3 hours and 51 minutes of footage. That amounts to approximately $175 per hour of produced footage charged to Requester. This amount far exceeds the statutory ceiling of $75 per hour of produced footage.

{¶14} I therefore recommend that the court find that the Police Department violated the Public Records Act by charging the Requester $701.21 for the produced body-worn camera footage without any subsequent refund.

## C. Respondent provided copies of records within a reasonable time.

{¶15} Requester also claims that the Police Department failed to produce records within a reasonable time. *Compl.*, p. 1. "The primary duty of a public office when it has received a public-records request is to promptly provide any responsive records within a reasonable amount of time and when a records request is denied, to inform the requester of that denial and provide the reasons for that denial." *State ex rel. Cordell v. Paden*, 2019-Ohio-1216, ¶ 11. Whether a public office has provided records within a reasonable time depends upon all the pertinent facts and circumstances of the case. *Id.* at ¶ 12. The requester bears the burden of demonstrating that a public office's response was unreasonably delayed. *Id.*; *Diebert v. Lafferty*, 2022-Ohio-2919, ¶ 28 (same), adopted 2022-Ohio-3052 (Ct. of Cl.).

{¶16} It appears that the Police Department's response to Requester's January 9, 2026, request took approximately 20 business days to complete. This search produced body-worn camera footage and an investigation report, all with redactions. Generally, public offices are allowed more time to respond to requests that involve large volumes of records or intensive legal review and redaction. *See State ex rel. Shaughnessy v. City of Cleveland*, 2016-Ohio-8447, ¶ 14; *Easton Telecom Servs., L.L.C. v. Village of Woodmere*, 2019-Ohio-3282, ¶ 46-49 (8th Dist.); *Miller v. Ohio Dept. of Education*, 2016-Ohio-8534, ¶ 8 (10th Dist.); *State ex rel. Ware v. Bur. of Sentence Computation*, 2022-Ohio-3562, ¶ 19 (10th Dist.).

{¶17} On these facts, I recommend that the court find that the Police Department responded to Requester's January 9 request in a reasonable time.

### D. Costs.

{¶18} Revised Code 2743.75(F)(3)(b) provides that the court shall award a requester their filing fee and "any other costs associated with the action" if it finds a violation of the Public Records Act. As discussed above, I recommend that the court find that the Police Department violated the Public Records Act when it overcharged for body-worn camera footage. I therefore also recommend that the court order the Police Department to reimburse Requester for his filing fee and bear the remaining costs of this case.

### III.    Conclusion

{¶19} Based on the above considerations, I recommend that the court:

1)      Deny respondent's motion to dismiss;

2)      Grant judgment for requester on his claim that respondent overcharged for production of body-worn camera footage pursuant to R.C. 149.43(B)(1);

3)      Order respondent to reimburse requester for his filing fee; and

4)      Order respondent to bear the costs of this case.

{¶20} *Pursuant to R.C. 2743.75(F)(2), either party may file a written objection with the clerk of the Court of Claims of Ohio within seven (7) business days after receiving this report and recommendation.  Any objection shall be specific and state with particularity all grounds for the objection.  A party shall not assign as error on appeal the court's adoption of any factual findings or legal conclusions in this report and recommendation unless a timely objection was filed thereto. R.C. 2743.75(G)(1).*

SARAH PIERCE
Special Master

**Filed May 29, 2026**
 **Sent to S.C. Reporter 6/18/26**